### JOE FARMER v. THE STATE.

#### No. 1224.   Decided December 4th, 1895.

**Impeachment of a Witness for Credibility—Proof of His Good Character.**

The credibility of a witness may be attacked by showing that he has been arrested and confined in jail; but, when so attacked, his credibility may be sustained by proof of good character for truth and veracity.

APPEAL from the District Court of Kaufman.   Tried below before Hon. J. E. DILLARD.

This appeal is from a conviction for assault with intent to commit rape, the punishment being assessed at eight years' imprisonment in the penitentiary.

The indictment charged Joe Farmer, this appellant, and one Miller Clark jointly with the commission of the offense.   On motion, the de-

fendants were permitted to sever on the trial, and this appellant was alone tried with the result as above stated.

In view of the disposition of the case, made in the opinion of the court, a general statement is unnecessary.

*Lee R. Stroud, Gossett & Young* and *Geo. F. Shaw,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant and one Miller Clark were indicted for assault with intent to rape. A severance was had, and Farmer placed on trial. He was convicted, given eight years in the penitentiary, and prosecutes this appeal. Hewitt Mathis and Lum Hines were very important witnesses for the appellant, testifying to facts which, if true, exonerated him from the assault. It appears from the record that these witnesses were arrested and placed in jail, remaining there for a week or two, charged with the same crime as appellant. Upon cross-examination the State proved that they had been arrested and placed in jail. Mathis was also questioned in regard to a supposed conversation with Bob Mathis, occurring in Van Zandt County, to the effect that the witness had stated that, if he had not testified for appellant, they would kill the witness. Hines was also asked by the State's counsel if he had not run away from his father, in Van Zandt County. The witness denied the statement charged to have been made by him to Bob Mathis. Hines denied that he had run away from his father. The witness Mathis was 21 and Hines 17 years of age. When the State was attempting to impeach the witnesses as above stated, counsel for appellant stated that he would claim the right to sustain their reputations by proof of good character for truth and veracity, and at the proper time proposed by a number of witnesses, who were neighbors of these young men in Van Zandt County, to prove their good character for truth and veracity. This was denied the appellant, and he reserved a bill of exceptions. It is a well settled rule in this State that the credibility of a witness may be attacked by showing that he has been arrested and placed in jail, charged with a felony. When so attacked, it is not an open question that his credibility may be sustained by proof of good character for truth and veracity. No argument is required in support of this proposition. The court should have permitted this proof. And see People v. Rector, 19 Wend, 569; Harrington v. Inhabitants of Lincoln, 4 Gray, 563; Lewis v. State, 35 Ala., 380. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*