## J. L. Beard v. The State.

### No. 2647. Decided January 28, 1903.

**1.—Character of Defendant—Admission as to Evidence.**

Where the prosecuting officer admitted to the court and jury that defendant's reputation as a law-abiding citizen and for honesty and fair dealing was good, and the court at the time stated to the jury that they could consider his reputation as absolutely good, it was not error to refuse to permit defendant to introduce witnesses to prove his general good character.

**2.—Robbery—Charge.**

On a trial for robbery, where it was an admitted fact that defendant and W. took the money, but claimed that the alleged assaulted party had given them the money in payment of the clothes he had taken from W.'s house and barn, a charge of the court was not upon the weight of evidence which instructed the jury that, if they believed that the prosecuting witness had taken the clothing from defendant or W. such fact would not justify defendant and W. in assaulting witness and taking the money from him by putting him in fear of life or bodily injury, but that their act in so doing would be robbery; and said charge was not erroneous as assuming that defendant and W. assaulted the prosecuting witness and robbed him of said money, especially when a subsequent section of the charge instructed an acquittal, if the jury believed, or had a reasonable doubt of the truth of the theory advanced by defendant and W. that the money was given them in payment of the clothing.

**3.—Same—Evidence Sufficient.**

See opinion for a summary of evidence held sufficient to support a conviction of robbery.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

Appeal from a conviction of robbery; penalty, six years imprisonment in the penitentiary.

The facts are sufficiently stated in the opinion.

*A. W. Cunningham*, for appellant. [No briefs for appellant found with the record.—Reporter.]

*C. F. Greenwood,* County Attorney; *B. Y. Cummings,* Assistant County Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery, and given six years in the penitentiary.

The evidence shows that appellant and one Wilson followed a negro boy, who had spent the night in Wilson's barn, with Wilson's consent, a distance of six miles, to the town of Mt. Calm, in Hill County. They claimed the negro boy had stolen what is termed a "jumper" from the barn, and had also entered Wilson's house, and taken therefrom a pair of shoes, and perhaps some wearing apparel. They found the negro at the depot at Mt. Calm, and forced him to go down the railroad track some distance, and by violence took from him a $10 bill. A deputy sheriff, city marshal, and assistant city marshal lived at Mt. Calm, to whom Wilson and Beard made no complaint as to the theft or the breaking into the house. These officers arrested appellant and Wilson shortly afterwards, and placed them in confinement for the robbery. When asked by the officers to prosecute the negro, Wilson replied they were satisfied; in other words, they virtually declined to prosecute for the alleged theft or burglary. The negro denied both the theft and burglary, except as to the "jumper." He stated that when he got up in the morning to take his leave, he discovered lying near him in the barn an old pair of "jumpers," that he thought were worthless, and had been thrown away; that he put them on, and wore them off, and had them on at the time Wilson and appellant overtook him at Mt. Calm. Appellant tendered a number of witnesses to prove good general reputation as a law-abiding citizen, as well as for honesty and fair dealing. The county attorney admitted to the court and jury as true that appellant's reputation in that regard was good, and objected to the examination of the witnesses in the face of his admission. Under this state of facts the court sustained the objection, and attaches this qualification to the bill: "That when this admission was made the court stated to the jury that the reputation of the defendant in respects named was admitted to be good, and they would consider his reputation as absolutely good." Error is assigned upon the refusal of the court to permit appellant to introduce sixteen witnesses to prove his general good character. That admissions or declarations made for the purpose of dispensing with proof of some fact, or to modify the severity of some rule of practice, are receivable in the courts, is a proposition of general application. For collation of authorities, see 1 Am. and Eng. Enc. of Law, 2 ed., p. 698, note 7. In Oscanyan v. Arms Co., 103 U. S., 261, 26 L. Ed., 539, Justice Field, delivering the opinion of the Supreme Court of the United States, said: "In the trial of a cause, the admissions of counsel as to matters to be proved are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may admit the demand made or the set-off

claimed. Indeed, any fact bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure, equally as if established by the clearest proof." As a general proposition, rules of evidence in civil and criminal cases are the same. The general rule in reference to the admission of testimony dispensing with proof of facts can be made as well by counsel as by client. This is but a general proposition, however, and may be qualified. This general rule is qualified in Texas, where the admitted facts would tend to criminate the party charged with felony. Confessions or admissions criminative in their nature in this character of case in Texas must be made by appellant in person. His attorney can not admit his guilt. Our statute has gone so far as to declare that even when admission is a judicial confession, or one made in open court, there must be evidence introduced before the jury trying him for the confessed crime. But that rule has no application to the case in hand. The admissions of the truth of the testimony of the witnesses made in lieu of their testimony was favorable to defendant; and admitted not only that the witnesses would swear to the fact of his good character, but that it was true, and the court so informed the jury. There is nothing in the bill which shows or tends or seeks to show that by this manner of getting the fact before the jury appellant was in any way injured. We have been cited to no case holding the action of the court was erroneous, and, in our opinion, there was no error in the action of the court.

Exception was reserved to this portion of the court's charge: "Although you might believe from the evidence that Wesley Miles had taken the property from defendant, or from defendant and John Wilson, and had the same in his possession at the time of the alleged robbery, such fact would not justify the defendant and the said Wilson, or either of them, in assaulting and putting Wesley Miles in fear of life or bodily injury, and thereby fraudulently taking from his person and possession the money described in the indictment; but their act in so doing would be robbery, and you should find the defendant guilty, provided you believe from the evidence, beyond a reasonable doubt, that defendant, acting alone, or in connection with the said John Wilson, in such manner as to make him a principal offender, took said money from the said Wesley Miles under such circumstances as to make him guilty of robbery, as explained to you in paragraph 5 of this charge." The contention is that this was on the weight of the evidence, and assumed that the witness was put in fear of his life and bodily injury, and was assaulted by defendant and Wilson, and that they took from said Miles the money described in the indictment. We do not believe this portion of the charge is erroneous when considered as a whole. There was no question, and it was an admitted fact, that defendant and Wilson took the $10 from the negro. The issue between them was as to how they got it. The negro insisted, and the corroborating facts tend to sustain the negro, that they forcibly took it from him. They contend that the negro gave them the money in payment of the clothes he had taken.

Even in this excerpt or extract from the charge the jury were authorized to convict only upon the theory that they must believe from the evidence beyond a reasonable doubt that defendant alone, or in connection with Wilson, etc., took the money from said Miles under such circumstances as to make him guilty of robbery, as explained in the previous paragraph of the charge, which defines the elements of that offense. The subsequent section of the charge submits the theory advanced by appellant and Wilson, with the instruction, if they believed that to be true, or had a reasonable doubt as to whether this was true, they should acquit. We do not believe the charge, as given, is upon the weight of the evidence, or assumes any fact against the accused.

We think the evidence is abundantly sufficient to support the conviction. The negro testified that upon their first demanding the money from him he tendered them $2, and informed them that was all he had, but subsequently he handed them another dollar, asserting that was the sum of his money. They were not satisfied. And while they held him they examined his clothes, and took the $10 bill from him. When the officers made the arrest, they examined the negro, and, going a short distance, examined Wilson and defendant, and, not finding the $10 bill on either of them, finally took Wilson's hat from his head, and, looking under what the witnesses term "the sweat band," found the $10 bill in question secreted. The negro boy was evidently terrorized, as is made manifest by the testimony of all the witnesses who saw him. Without going into further details of the testimony, we are of opinion the jury were warranted in believing the State's theory that appellant committed robbery.

The judgment is affirmed.

*Affirmed.*