### T. DRAKE v. THE STATE.

No. 1896.   Decided November 6, 1912.

Rehearing denied December 4, 1912.

**1.—Incest—Confession—Evidence.**

Where, upon trial of incest, defendant's written confession was in due form, and voluntarily made. there was no error in admitting same in evidence, under a proper charge.

**2.—Same—Evidence—Penetration—Cross-Examination.**

Where, upon cross-examination, a medical expert testified, upon trial of incest, that prosecutrix' hymen was not destroyed or punctured, etc., there was no error in permitting the State on re-examination to show that in the medical world it was known that there were cases where women had become pregnant without destruction of the hymen.

**3.—Same—Irrelevant Testimony.**

Where defendant had declined to place a witness on the stand for whom he had moved for a continuance, there was no error in refusing testimony

In his next bill of exceptions it is shown that Dr. McElroy had testified that on the day following the alleged offense that he had examined the private parts of the prosecuting witness; that he found an inflamed condition, etc., and on her clothing a discharge that indicated intercourse with a man. On cross-examination defendant developed that her hymen was not destroyed or punctured, and in his opinion that if she had been penetrated by the made organ of a man more than a given depth, it would have injured the hymen. On direct examination the State developed that in the medical world it was known that there were cases where women had become impregnated without destroying the hymen. This latter testimony was objected to by defendant. As the doctor had testified at the instance of defendant, that in his opinion the girl, if penetrated, had been penetrated only a given depth, and based his opinion on the fact that the hymen had not been destroyed nor injured, the testimony adduced on redirect examination was admissible as an aid to the jury in passing on the weight of the testimony of the opinion of the doctor, that penetration could not have been beyond a given depth without the hymen being affected.

Appellant desired to prove by a witness that she had stopped visiting at the home of defendant because she believed that one B. M. Howard and the wife of defendant were criminally intimate. As neither the wife of defendant nor B. M. Howard were used as witnesses in the case, the court did not err in excluding the testimony. It further appears in the record that defendant had summoned Howard as a witness, and moved to continue the case on account of his absence, but when the attendance of Howard was secured the defendant declined to place him upon the witness stand. The same ruling applies to the excluded testimony of the witness Wentzell.

When the defendant's counsel made the remarks he did in the presence of the jury, what the court said to him was not improper. He had brought about the occasion for the remark that, the statement made by counsel was an improper one, and he must not make such statements again. When the court has sustained an objection to evidence, counsel should not seek to get the testimony before the jury in this way, and when he does, if the court only informs the jury that it was improper for counsel to have made such statement, he is dealing with the matter as leniently as one should expect.

It appears from the qualification of the court that he permitted the witnesses to state all facts and circumstances which would show improper relations between the wife of defendant and Howard, and this was certainly as far as defendant was entitled to go, in the absence of either of them testifying.

The court properly excluded the testimony as to what the city police and detectives told the prosecuting witness and her mother on the

occasion when complaint was made as to the alleged crime of defendant.

Some dozen witnesses had testified to the reputation of defendant, and the State admitted that the reputation of defendant as a law-abiding citizen was good. The record being in this condition, there was no error in the court declining to permit other witnesses to testify to the same fact.

In his motion and in his brief defendant earnestly insists that the facts do not show that defendant had a completed act of sexual intercourse with his daughter, and the court erred in not defining the words "carnal knowledge" and "carnally know." These words have a plain, well understood meaning, and the jury could not have been misled by their use. If defendant desired them explained, he should not have waited to complain in his motion for a new trial, but should have requested that a definition be given at the time of trial. When the meaning of words are so well understood by all mankind as are these words, if a definition of them is desired, a request must be made at the time of trial. As to the facts not showing a completed act of intercourse, the confession of defendant herein copied answers that complaint. The testimony of the daughter is also ample upon which the jury would be authorized to so find. The depth of penetration, if there is penetration, is immaterial where there was an emission as shown by the testimony of the daughter and the confession of the father.

The only other ground in the motion alleges newly discovered testimony. Dr. Kibbie had testified on the trial to examining the girl a day or so after the alleged offense, and examining the discharge found on the dress, and stated in his opinion it was an emission from the male organ, and had stated: "So far as my knowledge goes I do not believe this spot could have been any other mixture than the discharge of the male. I do not know of any other discharge that would give me those cells. There is some difference in the discharge from a man and the discharge from a woman. I do not believe this could have been a discharge from a woman because in the first place the quantity attracted my attention and the amount of stiffness there, and secondly the character of cells that are thrown out from the male, which differ from the female—the epithelium cells. It is almost impossible to make a practical explanation of it because the cells in the body vary according to where they come from but the little granules in the cells that were present in this discharge indicated to me that it was the seminal discharge of a male of some sort." After the conviction of defendant, on the hearing of the motion for a new trial he again testified, and stated the date of the original examination was August 11, the day after the alleged offense. That since the trial of the case, on December 2, he again examined her and found that at that time she was suffering from a venereal disease—clapp—and that the character of discharge from this disease might have produced the spot

he found on the dress on August 11. There is no positive testimony offered that if the girl was suffering from this character of disease in December, that she was also suffering from it in the month of August prior thereto, and it seems remarkable to us that if the physician could tell in December that she was afflicted with this disease, if she had the disease in August, in his examination of her, the character and kind he says he made in August, he would not have discovered and thus diagnosed the case in August. But be that as it may, without proof that the girl was suffering from this disease at the time of the examination in August, it does not present ground for a new trial, especially in the light of the confession of defendant made shortly after the alleged occurrence. Our decisions all hold that the newly discovered evidence must be such that it would probably produce a different verdict, and in passing on this question we must consider the testimony adduced on the trial. (Burns v. State, 12 Texas Crim. App., 269; Hasselmeyer v. State, 6 Texas Crim. App., 21; Wharton's Crim. Law, sec. 3161; Arch. Cr. Pr. & Pl., 6th ed., 178-26.) In the light of the testimony and defendant's confession, testimony that this discharge could have been produced from the discharge of a female suffering with this disease would not have changed the result, and the court did not err in overruling the motion. While we have discussed this ground of the motion, yet this testimony on an issue found on a ground in the motion for a new trial, was not filed until after the adjournment of court and can not properly be considered by us. Probest v. State, 60 Texas Crim. Rep., 608, and cases there cited.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 4, 1912.—Reporter.]