## MOSE COX v. THE STATE.

### No. 2630.  Decided June 27, 1913.

**Gaming—Jury Commissioners.**

> Where the County Court failed to appoint jury commissioners for the next term of court on account of death of the clerk of the court, and at such subsequent term ordered the sheriff to select the jurors, there was no error under article 715, Code Criminal Procedure. Following Colombo v. State, 65 Texas Crim Rep., 608, and other cases.

Appeal from the County Court of Orange.  Tried below before the Hon. O. R. Sholars.

Appeal from a conviction of gaming; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully gaming.  There is no statement of facts in the case.  There is only one question raised necessary to decide.

Appellant's bill of exception presenting this question shows that the clerk of the court died in July, 1912, and in consequence thereof at the suggestion of the attorneys of the court, no business was transacted at that term and the court, in that way failed to appoint jury commissioners and have a jury selected for the next term of the court.  Appellant made a motion to quash the panel because the jury was not selected by jury commissioners but was selected by the sheriff.  This is the only ground of complaint.

Our statute, article 715, Code of Criminal Procedure, is:  "When, from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient; and, from those summoned, a jury shall be formed, as provided in the preceding articles of this chapter."  This law was literally complied with in this case. Colombo v. State, 65 Texas Crim. Rep., 608, 145 S. W. Rep., 910; Green v. State, 53 Texas Crim. Rep., 490, 110 S. W. Rep., 920; Sanchez v. State, 39 Texas Crim. Rep., 389.  It is needless to cite other authorities.  The court's action was correct in overruling appellant's motion to quash the panel.

There is no other question raised which we can review in the absence of a statement of facts.  The judgment is affirmed.

*Affirmed.*