ROY SCOGGINS V. THE STATE.

No. 4806.    Decided February 5, 1919.

**1.—Seduction—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Witness Under the Rule—Discretion of Court.**

Where the defendant had invoked the rule, there was no error that the court refused to allow a witness who had been in the court room during the trial to testify to a matter of impeachment of the prosecutrix; no abuse of discretion being shown.

**3.—Same—Evidence—Marrying Prosecutrix.**

Where, upon trial of seduction, the defendant contended that he had offered in good faith the evening prior to the trial to marry prosecutrix, there was no error in permitting the State on cross-examination of the defendant, to ask him if he was willing to marry the prosecutrix if she should at that time signify her willingness to marry him.

**4.—Same—Function of Jury—Practice on Appeal.**

The jury are made the exclusive judges of the credibility of the witnesses and of the weight of the testimony, and where the evidence is merely conflicting the conviction will not be disturbed.

Appeal from the District Court of Rusk. Tried below before the Hon. Daniel Walker.

Appeal from a conviction of seduction; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

R. T. Jones, for appellant.—On question of insufficiency of the evidence: Gleson v. State, 77 Texas Crim. Rep., 300; Simmons v. State, 114 S. W. Rep., 841.

On question of offering to marry prosecutrix: Wright v. State, 20 S. W. Rep., 756.

E. B. Hendricks, Assistant Attorney General, for the State.—On question of enforcing rule: Ham v. State, 4 Texas Crim. App., 645; Blackwell v. State, 29 id., 194; Ward v. State, 159 S. W. Rep., 272; Cooper v. State, 161 S. W. Rep., 1094.

LATTIMORE, Judge.—This is an appeal from a conviction in the District Court of Rusk County, Texas, of the appellant for the offense of seduction. His punishment was fixed at eight years confinement in the penitentiary, from which he has appealed.

The evidence is very conflicting. Many witnesses have testified as to the good reputation of prosecutrix, and a number to her bad reputation. She testified to a state of facts which, if true and believed by the jury, justified them in finding the appellant guilty. There were no exceptions reserved by the appellant to the charge of the trial court, and all of the special charges asked by him were given with the exception of one, which was tantamount to a peremptory instruction, and this was properly refused. Appellant presented three bills of exception to the introduction of testimony.

His bill No. 1 complains of the action of the trial court in refusing to permit a witness to testify to a matter of impeachment of the prosecutrix, the State's objection being that the witness had been in the courtroom during the trial in violation of the rule which was invoked by the appellant. This court has always held this to be a matter within the sound discretion of the trial court, and has refused to reverse cases upon the ground of the refusal of the court to permit witnesses to testify under such circumstances, except said rule appears to be abused. No abuse is shown in this case.

Bill of exceptions No. 2 was taken to the action of the prosecuting attorney in being permitted to ask defendant while on the stand if he was willing to marry the prosecutrix if she should at that time signify her willingness to marry him. It being an issue injected into the case by appellant, he averring that he had offered in good faith the evening prior to the trial to marry the prosecutrix, the question was permissible in order to test the good faith of the appellant in the matter. The State's contention was that the offer of appellant was not made in good faith, and it had introduced a number of witnesses in support of that contention.

Appellant's bill No. 3 complains of the refusal of the court to grant him a new trial, he having set up in his motion for a new trial the errors complained of by his other bills of exception, and also the insufficiency of the evidence. We do not believe it the province of this court to attempt to decide cases by what might have been their judgment had they occupied the jury box as trial jurors. Under our practice the jury are made the exclusive judges of the credibility of the witnesses and of the weight of the testimony, and where the evidence is merely conflicting, as in this case, we do not feel at liberty to disturb their finding.

There being no error in the judgment the same is affirmed.

*Affirmed.*