S. C. Scales v. The State.

No. 5618. Decided December 17, 1919.

1.—Theft—Receiving Stolen Property—Circumstantial Evidence—Charge of Court.

Where, upon trial of receiving stolen property, the evidence connecting the defendant with the offense was wholly circumstantial, the court should have submitted a charge on circumstantial evidence.

2.—Same—Accomplice—Corroboration—Charge of Court—Statutes Construed.

Where, upon trial of receiving stolen property, the main State's witness was an accomplice, the court should have instructed the jury on accomplice testimony, and the term accomplice as used in the statute has a meaning broader than that contained in the definition of accomplice in article 79, Penal Code. Following: Phillips v. State, 17 Texas Crim. App., 169, and other cases.

Appeal from the County Court of Lamar. Tried below before the Hon. W. L. Hutchison, judge.

Appeal from a conviction of receiving stolen property; penalty, a fine of two hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

*Ownby & Allen,* for appellant.—On question of circumstantial evidence: Trial v. State, 57 S. W. Rep., Castleberry v. State, 33 id., 875.

On question of accomplice: Wright v. State, 84 S. W. Rep., 593.

*Alvin M. Owsley,* Assistant Attorney General, for the State—On question of charge on circumstantial evidence: Baldwin v. State, 31 Texas Crim. Rep., 589; Adams v. State, 34 id., 470; Egbert v. State, 76 Texas Crim. Rep., 663, 176 S. W. Rep., 560; Forward v. State, 73 Texas Crim. Rep., 561, 166 S. W. Rep., 725; Laird v. State, 69 Texas Crim. Rep., 553, 155 S. W. Rep., 260.

MORROW, Judge.—The appellant was charged with the theft of some hay, and in another count with receiving and concealing stolen property. The conviction was on the second count. He was found in possession of several bales of hay, which the evidence showed to have been stolen from a warehouse near by. He explained his possession of it by stating that he bought it from a negro.

The evidence connecting the appellant with the offense is wholly circumstantial, and the exception to the charge, and to the refusal of request that in special charge the jury should be so instructed, were well taken. Reed, one of the State's witnesses, declared that he had admitted the theft of the property, but that he had done so because the appellant had agreed to pay him for doing it; and claimed on the trial that he, as a matter of fact, had no connection with the offense. His testimony was used against the appellant to show guilty knowledge and to connect him with the offense. Appellant is right in his contention that the court should have instructed the jury in appropriate language to determine whether or not the witness Reed was an accomplice, and if so, that a conviction could not be founded upon his testimony in the absence of corroboration. It was shown that he had admitted the theft, and his denial and explanation of it resolved his connection with the offense into a question of fact. Article 801, of the Code of Criminal Procedure, expressly forbids the conviction of one accused of crime upon the uncorroborated testimony of an accomplice. The term accomplice as used in this statute has a meaning broader than that contained in the definition of accomplice in the Penal Code, Article 79. Under Article 801, one is an accomplice witness who is connected with the offense either as principal, accomplice, or accessory by some unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense. Phillips v. State, 17 Texas Crim. App., 169, and other cases in Vernon's Texas Crim. Statutes, vol. 2, p. 732. The inculpatory testimony against the witness Reed rendered it necessary that the court on proper request instruct the jury on the law of accomplice testimony, notwithstanding Reed denied any connection with the crime. Kelly v. State, 1 Texas Crim. App., 628, and other cases cited in Branch's Annotated Texas Penal Code, Sec. 716, sub-division 6.

The errors pointed out require a reversal of the judgment, which is ordered.

*Reversed and remanded.*