## BOB WAGLEY v. THE STATE.

### No. 5857. Decided June 23, 1920.

**1.—Murder—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the evidence was sufficient under a proper charge of the court to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—General Reputation—Suspended Sentence.**

Where, upon trial of murder and a conviction of manslaughter, the defendant's good reputation as a peaceable, law-abiding man, and also for truth and veracity was admitted by the State in open court, and was not an issue in the case, there was no error in declining to hear further testimony in addition to that which had already been admitted, and this although defendant sought the benefit of suspended sentence. Following Drake v. State, 68 Texas Crim. Rep., 84, and other cases.

**3.—Same—Evidence—Acts of Defendant—Suspended Sentence—Specific Acts.**

Upon trial of murder and a conviction of manslaughter, there was no error in refusing to permit defendant to detail certain phases of his conduct subsequent to the offense of specific acts showing good conduct in support of his pleading for suspended sentence. Following Baker v. State, recently decided.

**4.—Same—Witness Under Rule—Discretion of Court.**

In the absence of abuse of judicial discretion in permitting the witness to give testimony who had been in the court-room while under the rule, there was no reversible error. Roach v. State, 41 Texas, 263, and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of manslaughter: penalty: five years imprisonment in the penitentiary.

The opinion states the case.

*John W. Baskin* and *W. B. Ammerman,* for appellant.—On question of general reputation and suspended sentence: Thompson v. State, 38 Texas Crim. Rep., 340; Fannin v. State, 51 id., 41; Jones v. State, 167 S. W. Rep., 1110; Williamson v. State, 74 Texas Crim. Rep., 289.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of reputation: Drake v. State, 151 S. W. Rep., 315, and cases cited in opinion.

On question of witness under rule: Woods v. State, 151 S. W. Rep., 296; Thomas v. State, 28 id., 534.

MORROW, JUDGE.—In the indictment appellant is charged with killing Lee Crowdus by striking him with a hammer. The State's theory and testimony is to the effect that appellant, while intoxicated, entered the place of business of deceased, and that when appellant started up the stairway deceased asked him his purpose. Appellant replied with an insulting epithet, and picked up a hammer, and walked to the front door. Deceased followed him, and appellant struck him with the hammer, and after he fell, stamped him in the face with his foot. The blow with the hammer resulted in the death of the deceased. Appellant's theory and testimony was in substance that after drinking brandy, and being in search of more intoxicants, the saloons being closed, he went into the house of the deceased and saw him and another sitting down with a bucket of beer, and approached them with a view of getting some, when the deceased got up and pushed appellant towards the door, reaching back and picking up something from a bench, with which he struck the appellant over the head and dazed him; that appellant, observing that the deceased was in the act of striking him again, hit him with his fist, and the deceased fell upon the sidewalk. There were no previous difficulties, nor ill-will, and the parties were strangers.

The court charged on the law of murder, manslaughter, and self-defense. The verdict was for manslaughter, and the respective theories of the State and the appellant, as developed by the evidence, were submitted to the jury in a manner which exempts the charge, in our opinion, from the criticisms addressed to it by the appellant.

The appellant having introduced six or seven witnesses who testified to an extended acquaintance with him, and to his good reputation as a peaceable, law-abiding man, and for truth and veracity, and the State having, in open court without limitation, admitted that his reputation in both these respects was good, there was no error in the court's declining to hear further testimony upon the subject. Drake v. State, 68 Texas Crim. Rep., 94, 181 S. W. Rep., 315; Manley v. State, 62 Texas Crim. Rep., 392, 137 S. W. Rep., 1137. The fact that appellant sought the benefit of the suspended sentence law would not affect the correctness of the ruling mentioned. It is quite true, as urged by appellant, that with such plea filed the inquiry as to the reputation relates to the time of the trial. Williams v. State, 201 S. W. Rep., 188, and cases referred to. In the instant case, the appellant's reputation was not only not assailed by the State, but there was an express admission that it was good, and both the admission and the testimony were such as bear the construction that the admission is without qualification or limitation, and extends to the time of the trial. The matter was not in issue. The question was concluded in favor of the appellant, and the exclusion of further evidence going to show that his general reputation was good, in our judgment, in no sense abridged his right or prejudiced his case.

A bill of exceptions is reserved to the refusal of the court to permit appellant to detail certain phases of his conduct subsequent to the offense. It is stated that "he would testify that in the two years and a half since the killing he has been engaged in providing for his family on his farm, and in doing certain work for the government. During said time he had been engaged in only legitimate occupations, had not been in any trouble of any kind or character since the killing." It is insisted that by this action the court abridged the rights of appellant to a degree requiring a reversal of the judgment, he expressly stressing the proposition that under his pleading seeking a suspended sentence the evidence was admissible. The testimony offered is of a character not *per se* made admissible by the supended sentence law. It did not go to establish the reputation of the appellant, but was an effort to detail specific acts showing good conduct. Pertinent observations upon the subject were made in the recent case of Baker v. State, 87 Texas Crim. Rep., 305, 221 S. W. Rep., 607, from which we quote:

"Prior to the passage of the statute, the reputation of one accused of crime was a subject upon which the State was not permitted to introduce evidence unless invited by the accused. The statute mentioned extends the invitation. The reputation is to be proved, not by specific acts of misconduct, but by competent evidence to show whether his reputation is good or bad. Thompson v. State, 38 Texas Crim. Rep., 340; Fannin v. State, 51 Texas Crim. Rep., 41; Jones v. State, 74 Texas Crim. Rep., 203, 167 S. W. Rep., 110; Branch's Ann. P. C., sec. 148. Specific acts become available when pertinent on cross-examination. Howard v. State, 37 Texas Crim. Rep., 498; and other cases, Branch's Ann. P. C., p. 117. The leading case construing the section of the suspended sentence act relating to proof of reputation adheres to the rule stated, and we see no reason for expanding it to a degree that it embrace inquiries of a character sought in the instant case, nor have the authority to do so. Williamson v. State, 74 Texas Crim. Rep., 290."

The bill complaining that a certain witness was permitted by the court to give testimony after it was disclosed that she had been in the courtroom while under the rule, does not show error, the matter being one that was within the judicial discretion of the trial court. Roach v. State, 41 Texas 263; Ham v. State. 4 Texas Crim. App., 645; Cook v. State, 30 Texas Crim. App., 607; other cases listed in Branch's Annotated Penal Code, sec. 344. No abuse of discretion is disclosed by the bill, nor does it therefrom appear what testimony was given by the witness, in the absence of which the bill is incomplete, and the court is unable to determine its effect. Ross v. State, 40 Texas Crim. Rep., 352; Brown v. State, 43 Texas Crim. Rep., 294; Chapman v. State, 37 Texas Crim. Rep., 173; Branch's Annotated Penal Code, Sec. 210.

We have examined all the questions raised, and are of the opinion that the record discloses nothing indicating that appellant's trial was otherwise than a fair and legal one. The judgment is affirmed.

*Affirmed.*