J. C. PRUITT v. THE STATE.

No. 8442.   Decided October 8, 1924.

Rehearing denied, November 5, 1924.

1.—Manufacture of Intoxicating Liquor—Motion for Continuance—Diligence Insufficient.

Unless appellant has used due diligence to secure the attendance of his witnesses, a motion for a continuance on account of their absence is properly overruled.   An accomplice is not a competent witness for the defendant, and a continuance to secure the attendance of a witness, who is an accomplice, is properly refused, as is also a refusal of a continuance to secure attendance of witness whose testimony is merely impeaching.

2.—Same—Evidence—Reputation of Witness—When Admissible.

Where the credibility of a witness is assailed by proof that he is under indictment for several offenses, it is permissible to prove his general reputation for truth and veracity.   See opinion for cases collated.

3.—Same—Evidence—Admissibility.

Where a sheriff is introduced as a witness to sustain the veracity of a witness assailed by appellant, after a rigid cross-examination, he may explain his reasons for employing such witness to aid in enforcing the liquor laws in his county under the facts shown in this case.

4.—Same—Witnesses—Under the Rule—Judicial Discretion.

Where the rule is invoked in the trial of a case, the trial court has a judicial discretion in enforcing or relaxing it, the exercise of which will not be reviewed on appeal, in the absence of a showing of its abuse.   See C. C. P. Art 719 and cases cited in opinion.

Appeal from the District Court of Bosque County.   Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for the unlawful manufacture of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Levi Herring,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The case originated in Somervell County and the venue was changed to Bosque County.

According to the State's testimony coming from the witness Dick Watson and the admissions of the appellant which came from other State's witnesses, he was engaged with one Howard Brawley in manufacturing intoxicating liquor. The manufacture of the liquor by Brawley and the appellant's presence at the still were conceded facts coming from both the State and the appellant.

According to the appellant, however, he was present at the invitation of Watson merely for the purpose of drinking some whisky, took no part in the offense and had no interest in the equipment or product.

The flight of the appellant was proved by the State and explained by him.

The indictment was returned in Somervell County on September 10th. The venue was changed to Bosque County on the 16th of September. On the 18th of that month subpoena was issued for Howard Brawley and several other witnesses residing in Somervell County, and on the 22d of September, subpoena was issued for McCabe who resided in Dallas County. These witnesses were not present; nor was there any return on the processes or any further action shown to have been taken in procuring the attendance of the witnesses. This court would not feel warranted in holding that the diligence was such as would meet the demands of the law. Particularly is this true with reference to the witness McCabe. After the time that the appellant was indicted and arrested, eight days elapsed before any application was made for process, and in the case of McCabe, twelve days had elapsed. The application, however, is lacking in merit in other particulars when viewed in the light of the evidence heard upon the trial and upon the motion for new trial.

The absent witness Brawley was indicted for the same offense and under the statute was not a competent witness for the appellant. . See Article 791, C. C. P., and Article 91, P. C. According to the application, several of the absent witnesses would have testified to the admission of Brawley that he alone had committed the offense. The testimony of these witnesses upon this subject would not have been admissible for the reason that it was hearsay. See Bowen v. State, 3 Texas Crim. App., 617; Greenwood v. State, 84 Texas Crim. Rep., 549, and cases cited; also White v. State, 86 Texas Crim. Rep., 420; Scales v. State, 217 S. W. Rep., 149; McWhorter v. United States, 281 Fed. Rep., 121.

According to the application, McCabe would have testified to a conversation with the witness Watson tending to show animus. Subject to the laying of a proper predicate this testimony would have been admissible for the purpose of impeachment and for such purpose alone. Ordinarily, a reversal is not justified for the procure-

ment of testimony which is merely impeaching. Rodgers v. State, 36 Texas Crim. Rep., 563; and other cases cited in Branch's Ann. Tex. P. C., Sec. 324. The present record presents no exception to the rule.

On cross-examination of the witness Watson, his veracity was attacked by showing that he was under indictment for several offenses; that he was in the employ of the State with the hope of leniency or immunity. He was a non-resident of the county in which the trial took place and a stranger therein. Under these circumstances, we do not understand that the rules of evidence were transgressed in permitting the State to prove his general reputation for truth and veracity. Harris v. State, 49 Texas Crim. Rep., 338; Goode v. State, 57 Texas Crim. Rep., 222; Coombes v. State, 17 Texas Crim. App., 264; Farmer v. State, 35 Texas Crim. Rep., 270; Branch's Ann. Tex. P. C., Sec. 184, subdivision 4 and 6.

In Bill of Exceptions No. 13 complaint is made of the introduction in evidence of a statement by the witness Larned giving his reasons for employing Watson to aid the State in suppressing violations of the law against the liquor traffic. He stated to the jury that one of the reasons for the employment of Watson was that violations of the liquor law in Somervell County had become an eyesore to the adjoining county of Hood. This bill gives none of the surrounding facts such as would enable this court to appraise its merits. However, looking to the statement of facts, it appears that Larned, sheriff of Hood County, was introduced by the State to prove the general reputation of the witness Watson for truth and veracity, and that, on cross-examination, the appellant developed in great detail the knowledge of the witness of the fact that Watson was charged with violations of the law and asked many insinuating questions tending to challenge the good judgment and good faith of the witness in the selection of Watson. As stated above, the bill fails to show error in receiving the testimony of the sheriff complained of, and the statement of facts, as we have examined it, indicates that in receiving the testimony, no error was committed.

The witnesses having been placed under the rule at the beginning of the trial, the bills of exception does not show an abuse of the discretion by the trial judge in refusing to receive from persons who were present and who were not put under the rule, testimony favorable to the reputation of the appellant as a law-abiding citizen. In enforcing or relaxing it, the trial court had a judicial discretion, the exercise of which will not be reviewed on appeal in the absence of a showing of its abuse. The present record does not indicate that the action of the court was arbitrary or captious. See C. C. P., Art. 719; also Miller v. State, 36 Texas Crim. Rep., 47; Powell v. State 36 Texas Crim. Rep., 377; Vernon's Texas Crim. Stat., Vol. 2, p.

399; Wagley v. State, 87 Texas Crim. Rep., 504; Fitzgerald v. State, 82 Texas Crim. Rep., 130; Shamblin v. State, 228 S. W. Rep., 241; Scoggins v. State, 84 Texas Crim. Rep., 519.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant strongly urges that the argument of the special prosecuting attorney appointed by the Governor, was erroneous. We have carefully examined same and believe it to be but a plea made by said prosecutor for the observance of the law and the punishment of the appellant by more than a minimum penalty for what was deemed a flagrant and continued defiance of the law in question. The argument contains no statement of extraneous facts and no personal abuse of the accused, and is not deemed by us to contain any reversible error.

The motion for rehearing will be overruled.

*Overruled.*