## LUTHER HATTON V. THE STATE.

No. 16366.   Delivered December 20, 1933.
Reported in 66 S. W. (2d) 331.

The opinion states the case.

*Rowell & Rowell,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of murder, and his punishment assessed at confinement in the state penitentiary for a term of 25 years.

The testimony shows that on the afternoon of July 2, 1932, deceased went in his car to the home of the appellant and from there they went in the deceased's car to a picnic where a ball game was in progress. Some time in the afternoon the appellant left the picnic grounds and went home and attended to his cows and after having finished feeding and milking his cows, Looney Montgomery came in his car by the appellant's home where the appellant got in the car with Montgomery and rode down the road to a point where they met the deceased, T. C. Riley, and the father of deceased in a car. When appellant saw the car of the deceased approaching he remarked to Montgomery, "I believe that is Dan Carter. I left my jumper in his car." Montgomery stopped his car and deceased had passed the Montgomery car a short distance when he also stopped, got out of his car, and after a few words were passed appellant shot and killed Dan Carter. The appellant contends that he shot said Carter in self-defense, while the state strenuously contradicts the appellant's theory of self-defense. The issue thus formed was adequately presented to the jury by the court in his charge and the jury found against appellant on that issue. From the testimony adduced upon the trial, we conclude that the jury was fully justified in reaching the conclusion which they did.

By bill of exception No. 1 appellant complains of the action of the trial court in permitting the state to prove, over his objection, by the witness Will Carter, the father of deceased, that some four or five years prior to the fatal day, the appellant shot the necktie off of the deceased. The appellant testifying in his own behalf on direct examination by his attorney testified that some four or five years prior to the time that he killed the deceased the deceased made an assault upon him with a knife, and he, the appellant, shot the necktie off deceased. The appellant seems to be laboring under the impression that when he gave said testimony it was helpful to him, but when the state offered it first it became very harmful. We conclude that under the circumstances there was no error in the ruling of the trial court. It has been the uniform holding of this court that if the defendant offers and introduces certain testimony and testimony of like character is thereafter introduced by the state, the defendant has no just grounds of complaint.

By bill of exception No. 2 the appellant complains of the action of the trial court in sustaining the objection of the state to permitting the witnesses George Eubanks, Lane Allen, and Rufus Pool to testify to threats made by the deceased against the appellant and also to testify to the good reputation of the

appellant as a law abiding citizen and to the bad reputation of the deceased. The bill of exception shows that said witnesses had been placed under the rule, which rule they failed to obey, and for that reason the state objected to said witnesses testifying to the facts outlined in the bill of exception. It has always been held that it was within the sound discretion of the trial court whether the witnesses will be permitted to testify in a given case after they have been placed under the rule and failed to obey the same, and unless a clear abuse of discretion is shown this court will not disturb the ruling of the trial court, and in this connection we refer to the following cases, to-wit: Cook v. State, 18 S. W., 412; Scoggins v. State, 208 S. W., 930; Wagley v. State, 224 S. W., 687; Fitzgerald v. State, 198 S. W., 315. No abuse of discretion on the part of the trial court in refusing to permit said witnesses to testify in the defendant's behalf having been shown, the bill appears to be without merit and is overruled.

By bill of exception No. 3 appellant complains of the action of the trial court in permitting Will Carter, father of deceased, to testify that on the afternoon of the fatal day the appellant and deceased had some trouble at the picnic; that Deabon Hatton, a brother of the defendant, tried to carry the defendant away from the picnic grounds, to which the appellant objected because he was surprised at said testimony in that he did not know the said witness would give said testimony and therefore did not have Deabon Hatton summoned and in attendance upon the court. The court qualified said bill by stating that the trial lasted two days and the witness Will Carter was the first witness used by the state, but that the defendant made no effort to secure the attendance of the said Deabon Hatton although he did not live over 35 miles from the courthouse and did not ask for a postponement of the trial in order to secure the attendance of said witness. The qualification of the court is without exception and therefore is presumed to be correct. We conclude that under the circumstances no error was committed by the trial court and the appellant's contention is overruled.

By bill of exception No. 4 the appellant complains of the action of the county attorney, while cross-examining the witness A. O. Landrum, in asking the witness if the defendant had been previously charged with insulting two white girls in Cass County, Texas, to which the defendant promptly objected and which objection was promptly sustained by the court, and the jury instructed not to consider the same; that again the county attorney while cross-examining the defendant asked him if he had not insulted two white girls by asking said girls to

get in the car and ride with him and if on that particular occasion he did not say to the girls, "I have plenty of gum," to which the defendant objected and said objection was by the court sustained. The bill further shows that the county attorney in his closing argument to the jury said: "Because if he was acquitted he would again be insulting white women as he did in Cass County, Texas," to which the defendant objected, which objection was by the court sustained and the jury were instructed by the court not to consider the same.

The action of the county attorney in repeatedly endeavoring to get before the jury by innuendoes and inferences that appellant had insulted white ladies by asking them to ride with him in his automobile was not only not admissible for any purpose on the charge of murder but was an attempt on the part of the prosecuting attorney to engender race prejudice, and the prosecuting attorney in his closing argument to the jury, although the court had theretofore sustained appellant's objection to said testimony, told the jury, "If he is acquitted he will again be insulting white women as he did in Cass County, Texas." This argument was not based upon any relevant and competent testimony submitted to the jury under the ruling of the court, was highly prejudicial, and was urging the jury to convict him although he may have acted in self-defense when he killed the deceased, yet he ought to be sent to the penitentiary, removed from the country, and restrained of his liberty in order to prevent him from insulting white ladies. It was equivalent to telling the jury: You have a negro here who may have acted in self-defense when he shot the deceased but he has heretofore insulted white ladies and therefore you should convict him of murder, restrain him of his liberty, and prevent him from hereafter insulting white ladies. The learned trial court no doubt saw the harmful effect and sustained the appellant's objection to same and instructed the jury not to consider it for any purpose, but we do not believe that the court could withdraw from the jury the prejudicial and harmful effect which said pretended testimony and said argument may have had. Every person is entitled to a fair trial by a fair and impartial jury and upon evidence which is relevant, competent, and admissible under the charge in the indictment, and this law and these rules should be diligently observed by the prosecuting attorneys in the presentation of the case to the jury, and when the same are violated it cannot be said that the defendant has had a fair and impartial trial.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.