## CLARENCE WRIGHT v. THE STATE.

No. 20266. Delivered March 22, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*Bartlett & Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant pleaded guilty to cattle theft, and asked for a suspended sentence. The jury did not see fit to give him a suspended sentence, and awarded him a straight penalty of two years in the penitentiary.

The burden of his complaints herein all refer to matters that could have affected the jury relative to the suspended sentence alone.

His bill of exceptions No. 1 relates to the court's failure to allow appellant to prove that he paid the expenses that were

incurred in recovering the stolen animals. We are unable to see what materiality such testimony could have had on any phase of this case. It seems that the appellant told many conflicting stories relative to where the stolen animals were, and caused a great deal of trouble to the officers before he was finally prevailed upon to tell the truth relative to what he did with these stolen animals. He had made no effort to return the said animals until after he had been arrested, and we do not think he suffered any injury by not being allowed to introduce testimony to the effect that he had borne the expenses of finally locating them.

His bill No. 2 complains of the fact that after appellant had introduced two witnesses who had testified to his good reputation for being a peaceable law-abiding citizen, and the State had made the admission in open court that such reputation was good, then the trial court, upon objection of the State's attorney, refused to allow him to introduce further testimony on such subject. Mr. Branch in his Penal Code, p. 116, says:

"It is not error to exclude proof of general reputation if the opposing side admits the truth of the proposed proof. Beard v. State, 44 Tex. Crim. Rep. 402, 71 S. W. 960; Wilson v. State, 72 S. W. 862; Goebel v. State, 76 S. W. 460; Carver v. State, 148 S. W. 746."

Appellant's bill of exceptions No. 3 relates to the court's failure to allow the appellant to prove that he was such a man that never before had his acts and deeds been questioned, and that he had never even been accused of any sort of an offense before. We find from the record that testimony was given showing that appellant had never been convicted of a felony in this or any other state, and that the State admitted that his reputation as a peaceful and law-abiding citizen was good, and we do not think that the court should have gone any further in this matter. We see no error herein.

Bill of exceptions No. 4 is in regard to the court's refusal to allow the appellant to testify that his wife and children were in necessitous circumstances, and in financial need, and that after having taken the animals he had torn the check up that he had received in payment therefor because of the promptings of his conscience. We do find that he testified to the destruction of the check, and it was also testified to by others that the check had never been paid, and that the owner of the stolen animals had recovered the same. This bill is multifarious and contains more than one proposition, one of which propo-

sitions is so clearly inadmissible as to need no argument relative thereto. In this condition we are impressed with the fact that no error is shown herein.

Bill of exceptions No. 5 complains of the vigorous cross-examination of the appellant indulged in by the State's attorney, which was claimed to be an attack upon the reputation of appellant for the characteristics which the State had previously admitted to be good. The State's attorney only cross-examined the appellant relative to the facts surrounding the alleged theft, and the attitude and conduct of appellant at the time of the theft and thereafter while a search for such cattle was being made, and we are impressed with the idea that such was legitimate questioning in an endeavor to show the jury the full surrounding circumstances in order that they might intelligently decide whether or not they desired to suspend the sentence of this 46 year old man who had admittedly stolen these cattle in the nighttime and trucked them many miles away and sold them.

Bill of exceptions No. 6 relates to the testimony of the deputy sheriff of Falls County wherein he stated that he had a talk with appellant which led to the recovery of the stolen animals; that appellant told him he stole the animals, and went with him and showed him where they were sold, and as a result of such conversation such animals were recovered. This conversation was not reduced to writing. That such conversation was admissible is shown by Art. 727, C. C. P., and it will be noted that by means thereof the stolen property was found.

Bill No. 7 complains because the court refused to allow the appellant to testify that after he had stolen the cattle he became confused and contrite, and not knowing what to do he tore up and destroyed the check that he had received for such stolen cattle, hoping thereby to right the wrong that he had committed in such taking; "but," as said in said bill "the court refused to allow the defendant to show the jury his contrite heart." It is to be noted that there was testimony in the record showing that the appellant did destroy the check, and that same had never been paid. The contrition thus desired to be shown seems to us to savor of a robbing of Peter in order to pay Paul, and not for the purpose of restoring the stolen animals to their rightful owner, and a failure to cash the check could hardly be termed contrition. We do not see any error in such ruling.

Bill No. 8 as qualified by the court does not reflect any error.

We do not find any error herein presented to us, and this judgment is accordingly affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant insists that we erred in our original opinion by the disposition made of his bills of exception numbers two and three. The bills show that appellant proved by two witnesses that they had lived in the same community with him and had known him for a number of years and knew his general reputation as a peaceful law-abiding citizen to be good. At this juncture, the State made the following admission:

"Your Honor, the State will admit that the reputation of the defendant in the community in which he resided up to the time of the commission of the offense as to whether or not he was a peaceful, law-abiding citizen, was good, and in view of that ask that no more time be taken up with character witnesses, and object to the defendant attorney introducing any more."

The court declined to permit appellant to offer additional witnesses on the issue. Appellant excepted to the ruling of the court as shown by the above bills of exceptions and contends that the admission by the State restricted his reputation to the community in which he resided at the time.

We do not understand that by the admission, appellant's trait of character was limited to the community in which he then resided, but think it included every community in which he had resided up to the time of the commission of the offense. The court, no doubt, interpreted the admission to include appellants general reputation from childhood up to the time of the commission of the alleged offense. We are of the opinion that the language in which the admission was couched is not subject to any other construction. See Wagley v. State, 224 S. W. 687.

Appellant also contends that by reason of having filed a plea for suspension of sentence in the event of his conviction, he had a legal right to prove his general reputation as a peaceable and law-abiding citizen up to the time of the trial.

We agree with his contention, but his bill fails to show that he had any witness, or offered any by whom he could have proved that *since* the commission of the offense, his general

reputation as a peaceful, law-abiding citizen was good. In the absence of such a showing, his bill is deficient, and this court would not be authorized to assume that although he had some citizens by whom he could prove his general reputation in the various communities in which he had lived was good *up to the time of the offense,* that these same witnesses would also testify that his reputation was still good *since* the commission of the offense.

Believing a proper disposition was made of the case on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.