ARTHUR JAMES HARRIS V. STATE

No. 28,120. March 7, 1956.

Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 9, 1956.

*Curtis E. Hill,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Harvey Lindsay, Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction for assault with intent to murder; the punishment, 5 years in the penitentiary.

According to the testimony for the state, appellant and his wife arrived at a beer tavern operated by Roy Gilliam about 10 P.M. where they drank intoxicants and visited until about 1:15 A.M., when Gilliam began removing all beer, whiskey, and glasses from the tables. Because appellant complained, he left his table until he had finished with the others, and upon returning to appellant's table, appellant told him that "You are not picking up a G-- d--- thing from this table," and after he picked up the glasses, appellant said, "I will smoke this building down," and left the building to get a gun. Gilliam went behind the bar and picked up a pistol. Appellant returned inside the building with a pistol and shot twice at Gilliam who in turn shot at appellant several times. It is not clear as to how many shots were fired by appellant or Gilliam.

Appellant, while testifying, stated that about 1:15 A.M. Gilliam came to his table "and said it was time to rack up the drinks," and asked if he had a gun, and if so, to get it; that he went to the automobile to get the gun to give to Gilliam and as he returned to the door, Gilliam began shooting at him, and that he then shot twice toward Gilliam. The testimony of appellant's wife corroborated in part his testimony.

Appellant's sole contention presented for review is that the trial court erred in refusing to permit Joe Allen Watson to testify at the time appellant offered him as a witness.

The testimony shows that Joe Allen Watson and his wife, Opal Watson, arrived at Gilliam's tavern about 12:15 A.M., remained there until the shooting began between appellant and Gilliam, and on leaving during the shooting, Mrs. Watson was shot and killed. Watson filed a damage suit as a result of his wife's death against both appellant and Gilliam. On April 30, before this case was called for trial on September 7, appellant through the same attorney representing him in this cause took

Watson's deposition in the civil suit. Neither party summoned Watson as a witness in this case. At appellant's request, the court invoked the rule as to the witnesses. Watson appeared on the day of the trial, sat in the courtroom, heard Gilliam and other witnesses to the shooting testify. Watson testified on voir dire that appellant and his attorney saw him during the day and before he was called to testify. They knew what he had stated in his deposition in April about how the shooting occurred. Appellant did not urge the admission of Watson's testimony because of any surprise testimony which arose during the trial.

The law vests in the trial judge the discretion to allow or refuse the testimony of a person who has not been summoned as a witness, but who has been present in the courtroom and heard testimony during the trial. In the absence of an abuse of discretion, the ruling of the trial court in allowing or refusing such testimony will not be disturbed. 4 Tex. Jur. 563, Sec. 395; 42 Tex. Jur. 63, Sec. 44; Rummel v. State, 22 Tex. App. 558, 3 S.W. 763; Williams v. State, 59 Tex. Cr. R. 347, 128 S.W. 1120; Crosslin v. State, 90 Tex. Cr. R. 467, 235 S.W. 905; Pruitt v. State, 98 Tex. Cr. R. 276, 265 S.W. 695; Long v. State, 120 Tex. Cr. R. 373, 48 S.W. 2d 632.

Under the facts and circumstances here presented, we conclude that the trial court did not abuse its discretion in refusing to permit Watson to testify.

We find the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.