

No attorney of record on appeal.

Sam Jones, Jr., Dist. Atty., Clifford L. Zarsky and Douglas Tinker, Asst. Dist. Attys., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for defrauding with a worthless check, with a prior conviction alleged for enhancement; the punishment, ten years.

The disposition of this case makes a summary of the facts unnecessary.

The indictment, in charging the primary offense, alleged that the appellant by the delivery of the check described in the indictment with the intent to defraud, obtained certain personal property of the value of $72.82 from the injured party. It further alleged that appellant fraudulently represented to the injured party that the check was good, which representation he knew was false; and that the injured party at the time of its acceptance believed it was good, and relied upon and was deceived by said pretenses and fraudulent representations, and by virtue thereof, parted with possession and title of said property.

In the charge, the court required the jury to find, as the indictment alleged, that appellant made the representation to the injured party that the check was good, that the injured party believed and relied upon said representations, and that by virtue thereof she parted with the possession and title of said property.

According to the evidence, the appellant made no representations to the injured party concerning the check, and there is no evidence that the injured party relied upon any representations made by the appellant to her at the time the check was delivered and accepted.

. The evidence fails to show, as alleged in the indictment, that false representations were made by the appellant and relied upon by the injured party. Therefore the evidence is not sufficient to support the conviction. Goodwin v. State, 167 Tex.Cr.R. 485, 320 S.W.2d 852. See also Gutierrez v. State, 171 Tex.Cr.R. 493, 352 S.W.2d 124.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

Sarilla Feglee BEARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 37233.

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

steering wheel of one of the automobiles involved, and that appellant told him she was driving the car at the time of the collision. He further testified that appellant had a strong odor of alcohol on her breath, that her speech was impaired and she staggered while walking, and he expressed the opinion that she was intoxicated. Two other witnesses for the state who observed the appellant at the scene expressed the opinion that she was intoxicated.

After the appellant gave her written consent, a blood specimen was taken from her by a physician. The testimony of a chemist who made an analysis of the blood specimen reveals that the specimen had an alcoholic content of .27 percent, and that such content was indicative of intoxication.

Testifying in her own behalf, the appellant admitted that she was driving the automobile, that she drank a cocktail at 11 P.M., and another at 11:45 P.M., before the collision at 12:30 A.M., but she denied that she was intoxicated.

The prior conviction as alleged was stipulated by the state, the appellant and her counsel; also, said conviction was admitted by the appellant while testifying.

Appellant contends that the trial court abused its discretion in refusing to permit Thomas Williams, Jr. to testify when he was called as a witness, by sustaining the objection of the state that Williams had remained in the court room and heard the testimony in violation of the rule invoked as to witnesses.

There is no showing in the record of the nature of the testimony sought or expected to be elicited from the witness Williams. Whether the trial court abused its discretion in excluding the testimony cannot be reviewed in the absence of such testimony. Until the contrary has been made to appear, it will be presumed on appeal that the discretion of the trial court was properly exercised. Therefore, the contention as presented reveals no error.

Forrest F. Baird, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of driving while intoxicated; the punishment, fifteen months in jail.

Officer Plaster testified that when he arrived at the scene of a collision on a public street the appellant was seated behind the

Art. 645, C.C.P.; 56 Tex.Jur.2d 381, Sec. 53; Harris v. State, 163 Tex.Cr.R. 183, 289 S.W.2d 605.

There are no formal bills of exception and no objections to the court's charge.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

**Mack Allen ADAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 37422.

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

H. R. Rolston, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is drunk driving; the punishment, 90 days in jail and a fine of $400.

The record contains no recognizance or bond on appeal in the form required by Art. 831, C.C.P.

The appeal is dismissed.

### ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge.

By supplemental transcript it is made to appear that appellant and his sureties entered into a proper recognizance on appeal. The appeal is re-instated.

The indictment alleged the felony offense of drunk driving but, the state having rested without proof of the prior misdemeanor conviction alleged, the case was submitted