NO









NO. 12-04-00254-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOHN
TERRELL DUNKLIN,         §                      APPEAL FROM THE

APPELLANT

 

V.        §                      173RD
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HENDERSON COUNTY, TEXAS

                                                                                                                                                          


OPINION

            John
Terrell Dunklin was convicted by a Henderson County jury for aggravated assault
on a public servant.  The jury sentenced
him to imprisonment for five years, probated for five years.  The trial court imposed sentence in
accordance with the jury verdict, but also required Appellant to serve not less
than sixty days or more than one hundred twenty days of imprisonment as a
condition of probation.  Appellant filed
a motion for new trial, which the trial court denied after a hearing.  Appellant raises four issues on appeal.  We affirm.

 

Background








            Appellant was charged with
endangering a child and aggravated assault on a public servant.  According to the testimony at trial, three
Henderson County sheriff’s deputies went to Appellant’s home to serve a
misdemeanor warrant on Appellant for an assault on his ex-wife.  The deputies went to Appellant’s house at
night without activating their emergency lights, walked up a long driveway, and
climbed over a locked gate.  When they
reached the darkened house, they knocked on the door. The deputies testified
that they identified themselves as sheriff’s deputies.  Appellant’s seven year old son, Colton,
opened the door and admitted the men. 
The deputies spread out in the dark room and turned their flashlights on
Appellant, who was lying on the couch. 
He had a badly injured leg from a previous meeting with his ex-wife
during which, according to Appellant, she struck him with her car.  The deputies testified that when they told
Appellant he was being arrested on the warrant, Appellant said he could not go
to jail because he had a broken leg. 
Appellant then quickly stood up, pointed the shotgun at Deputy Gabbard,
and said he was not going to jail.  The
deputies testified that, in a matter of seconds, Appellant pointed the shotgun
at himself and called his son over to him. 
He then lay down on the couch and laid Colton on his chest.  Ultimately, Appellant was arrested after one
of the deputies convinced Appellant to put down the shotgun.

            Appellant testified that he was
startled by the sudden intrusion of unidentified men shining flashlights on him
in his darkened living room and pointed his shotgun at those he perceived as
intruders.  Appellant testified that when
the deputies identified themselves and said they were there to arrest him on a
warrant, Appellant pointed the shotgun at himself.

            The jury found Appellant guilty of
aggravated assault on a public servant, but found him not guilty of endangering
a child.  The jury sentenced Appellant to
imprisonment for five years, probated for five years.  The trial court imposed Appellant’s sentence
in accordance with the jury’s verdict, but also required Appellant to serve not
less than sixty days or more than one hundred twenty days of imprisonment as a
condition of probation.  See Tex. Code Crim. Proc. Ann. art. 42.12 §
3g(b) (Vernon Pamph. Supp. 2005). 
Appellant filed a motion for new trial, which was denied after a
hearing.  This appeal followed.

            

Motion for New Trial

            In
his first issue, Appellant contends that the trial court erred in denying his
motion for new trial.  

Standard of Review

            It
is well established that the granting or denying of a motion for new trial lies
within the discretion of the trial court. 
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).  Therefore, the standard of review
for a trial court’s ruling on a motion for new trial is abuse of
discretion.  Gonzalez v. State,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 
In reviewing for an abuse of discretion, an appellate court will reverse
the trial court’s ruling only when that decision is so clearly wrong as to lie
outside the zone within which reasonable persons might disagree.  Id. at 695 n.4.  A trial court abuses its discretion when it
grants a new trial without reference to any guiding rules or principles or, in
other words, when the act was arbitrary or unreasonable.  Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990).  In the
absence of contrary evidence, it is presumed on appeal that the trial court
properly exercised its discretion.  Beard v. State, 385 S.W.2d 855, 856
(Tex. Crim. App. 1965).  

Appellant’s Motion for New
Trial

            Appellant
asserted three issues in his motion for new trial: (1) the verdict was contrary
to the law and evidence, (2) the jury committed misconduct, and (3) the trial
court erred in denying Appellant’s requested charge on a lesser included
offense.  The first and third issues
raised in Appellant’s motion for new trial are addressed in separate issues
elsewhere in this opinion.  Therefore, in
our discussion of Appellant’s first issue, we address only the argument
relating to jury misconduct. 

            The
affidavit of a juror was attached to Appellant’s motion for new trial.  In the affidavit, the juror stated that he
and two other jurors did not believe Appellant was guilty, but agreed to the
guilty verdict because the other jurors promised to give Appellant probation
with no jail time.  The State objected to
the affidavit at the hearing on the motion for new trial, and the trial court
sustained the objection.  See Tex. R. Evid. 606(b).  Appellant called no witnesses at the
hearing.  

            Appellant
argues that Rule 606(b) does not require the exclusion of the juror’s
affidavit. Specifically, Appellant argues that (1) Texas Rule of Evidence
606(b) conflicts with Texas Rule of Appellate Procedure 21.3 and that (2) the
application of Texas Rule of Evidence 606(b) denies Appellant his
constitutional rights to due process and a fair trial before an impartial jury,
in violation of the Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution and article I, section 15 of the Texas Constitution.  

Applicable Law and Analysis

            Texas
Rule of Evidence 606(b) provides as follows:

 

Upon an
inquiry into the validity of a verdict or indictment, a juror may not testify
as to any matter or statement occurring during the jury’s deliberations, or to
the effect of anything on any juror’s mind or emotions or mental processes, as
influencing any juror’s assent to or dissent from the verdict or
indictment.  Nor may a juror’s affidavit
or any statement by a juror concerning any matter about which the juror would
be precluded from testifying be admitted in evidence for any of these
purposes.  However, a juror may testify:
(1) whether any outside influence was improperly brought to bear upon any
juror; or (2) to rebut a claim that the juror was not qualified to serve.

 

 

Tex.
R. Evid. 606(b).  Texas Rule of
Appellate Procedure Rule 21.3 provides that a juror must be granted a new trial
“when the jury has engaged in such misconduct that the defendant did not
receive a fair and impartial trial.”  Tex. R. App. P. 21.3(g).  Appellant contends that a literal application
of Texas Rule of Evidence 606(b) prevents him from establishing the jury
misconduct that, under Rule 21.3(g), mandates a new trial.  This issue has frequently been addressed and
resolved contrary to Appellant’s position. 
See, e.g., Hines v. State, 3 S.W.3d 618, 620-23 (Tex. App.–Texarkana
1999, pet. ref’d) (holding that Rules 606(b) and 21.3 work together, without
conflict, to define jury misconduct and provide how it may be proved);
Sanders v. State, 1 S.W.3d 885, 886-88 (Tex. App.–Austin 1999, no pet.)
(finding no conflict between Rules 606(b) and 21.3).  

            As
to Appellant’s constitutional arguments, the United States Supreme Court has
rejected a claim that Federal Rule of Evidence 606(b), which is the source of
Texas Rule 606(b), violates a defendant’s Sixth Amendment right to a fair jury
trial.  Tanner v. United States,
483 U.S. 128, 126-28, 107 S. Ct. 2739, 2750-51, 97 L. Ed. 2d 90 (1987).  At least one Texas court has held that Rule
606(b) does not violate a criminal defendant’s federal due process rights.  Glover v. State, 110 S.W.3d
549, 552 (Tex. App.–Waco 2003, pet. ref’d). 
Similarly, Texas courts have also held that the application of Texas
Rule of Evidence 606(b) does not violate a defendant’s rights under article I,
section 15 of the Texas Constitution.  See,
e.g., Hines, 3 S.W.3d at 622-23; Sanders, 1
S.W.3d at 888.

            Finally,
Appellant contends that his allegation of juror misconduct was further
substantiated by a jury question to the court during its deliberations in the
guilt/innocence phase.  The jury’s
question to the trial court was “[r]efresh us on minimum + [sic] maximum
punishment for both, including probation.” 
The court responded, “Do not consider the issue of punishment.  Follow your instructions.  Your sole duty at this time is to determine
the issue of guilt.”  The trial court’s
response to the jury’s question was correct. 
An appellate court generally presumes the jury follows the trial court’s
instructions.  Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Appellant cannot use the juror’s affidavit to prove otherwise.  See Tex.
R. Evid. 606(b).  The case cited
by Appellant, Escarcega v. State, 711 S.W.2d 400 (Tex. App.–El
Paso 1986, pet. dism’d, improvidently granted), antedates the present version
of Rule 606(b) and does not apply here.

            The
State objected to Appellant’s affidavit in support of his motion for new
trial.  In the affidavit, the juror
discussed the deliberations of the jurors, which is the type of information
that is excluded by Rule 606(b).  Lewis
v. State, 151 S.W.3d 213, 219-20 (Tex. App.–Tyler 2004, pet. ref’d); see
also Tex. R. Evid. 606(b).  The trial court properly granted the State’s
objection. Appellant presented no admissible evidence to support his allegation
of jury misconduct during deliberations. 
Consequently, the trial court did not abuse its discretion in denying a
new trial on this ground.  Appellant raises
the remaining grounds urged in his motion for new trial—error in the jury
charge and sufficiency of the evidence—as his second and fourth issues,
respectively, in this appeal.  As more
particularly discussed below, we overrule those issues.  Consequently, the trial court did not err in
overruling Appellant’s motion for new trial on either of those grounds.  Appellant’s first issue is overruled. 

 

Lesser Included Offense

            In his second issue, Appellant
contends the trial court erred in failing to charge the jury on the lesser
included offense of resisting arrest. 
Appellant requested a charge on resisting arrest, but did not provide
the text of the requested charge to the trial court.[1]

Applicable
Law

            An offense is a lesser included offense
if 

 

(1)           it is established by proof of the same or less than all
the facts required to establish the commission of the offense charged;

 

(2)           it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission;

 








(3)           it differs from the offense charged only in the respect
that a less culpable mental state suffices to establish its commission; or

 

(4)           it consists of an attempt to commit the offense charged or
an otherwise included offense.

 

 

Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 1981). 

            The Texas Court of Criminal Appeals
has established a two part test to determine if a charge on a lesser included
offense is required.  See Aguilar
v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985) (citing Royster
v. State, 622 S.W.2d 442 (Tex. Crim. App. 1982)).  First, the lesser included offense must be
included with the proof necessary to establish the offense charged.  Aguilar, 682 S.W.2d at
558.  Secondly, some evidence must exist
in the record that if the defendant is guilty, he is guilty only of the lesser
offense.  Id.  Stated in different terms, the defendant must
be guilty of the lesser offense, but not of the greater.  Pickens v. State, 165 S.W.2d
675, 679 (Tex. Crim. App. 2005). 

            In reviewing a trial court’s
decision to deny a requested jury charge for a lesser included offense, the
appellate court considers the charged offense, the statutory elements of the
lesser offense, and the evidence actually presented at trial.  Hayward v. State, 158 S.W.3d
476, 478 (Tex. Crim. App. 2005).  More
specifically, the court (1) examines the statutory elements of the charged
offense as modified by the indictment, then (2) examines the elements of the
claimed lesser included offense to see if the elements are functionally the
same as or less than those required to prove the charged offense, and, finally,
(3) examines the evidence actually presented to prove the elements of the
charged offense to see if that proof also shows the lesser included offense.  Id. at 478-79.  

Analysis

            The amended indictment on which the
parties proceeded to trial alleged that Appellant

 

did then and there intentionally or knowingly threaten
W. GABBARD with imminent bodily injury and did then and there use or exhibit a
deadly weapon, to-wit: a firearm, during the commission of said assault, and
the defendant did then and there know that the said W. Gabbard [sic] was then
and there a public servant, to-wit: a police officer with the Henderson County
Sheriff’s Department, and that the said W. GABBARD was then and there lawfully
discharging an official duty, to-wit: attempting to arrest the defendant.

 

 

The elements of
the offense of aggravated assault on a public servant, as charged in the
indictment, are (1) a person; (2) commits an assault; (3) against a person
the actor knows is a public servant; (4) while the public servant is lawfully
discharging an official duty; and (5) uses or exhibits a deadly weapon during
the commission of the assault.  Tex. Pen. Code Ann. § 22.02(a)(2),
(b)(2) (Vernon Supp. 2005).  As relevant
to this case, assault is defined as a person intentionally or knowingly
threatening another person with imminent bodily injury.  Id. § 22.01(a)(2).

            By contrast, the elements of the
offense of resisting arrest are that a person (1) intentionally prevents or
obstructs; (2) a person he knows is a peace officer; (3) from effecting an
arrest of the actor; (4) by using force against the peace officer.  Id. § 38.03(a) (Vernon
2003).  The offense is a third degree
felony if the actor used a deadly weapon to resist the arrest.  Id. § 38.03(d).  Thus, the offense of aggravated assault as
charged in the indictment required an element, threatening Gabbard with
imminent bodily injury, that resisting arrest did not.  Further, resisting arrest required proof of
two elements the aggravated assault did not: (1) preventing or obstructing a
peace officer from effecting an arrest and (2) using force against the peace
officer.  See Ortega v. State,
171 S.W.3d 895, 899-900 (Tex. Crim. App. 2005). 
Consequently, all elements of the claimed lesser included offense are
not, as charged and as established by the evidence in this case, included
within the elements and the proof necessary to establish the offense
charged.  Moreover, the evidence did not
show that Appellant was guilty of the lesser offense, but not of the greater
offense.  See Pickens, 165
S.W.2d at 679.  Thus, in the present
case, based on the evidence before the jury, 
resisting arrest was not established as a lesser included offense of the
indicted offense of aggravated assault on a peace officer.  Therefore, the trial court did not err in
denying Appellant’s requested charge on the offense of resisting arrest.  Appellant’s second issue is overruled.

 

Evidentiary Rulings

            In his third issue, which includes
three subissues, Appellant contends the trial court made three erroneous
evidentiary rulings that individually and cumulatively had a substantial and
injurious influence on the jury. 
Appellant first complains that the trial court erroneously admitted
improper character evidence and allegations of insurance fraud.  Appellant further contends the trial court
erred in excluding evidence about the propriety of the deputies’ entry onto
Appellant’s property to serve the warrant.

Standard
of Review

            Appellate courts review evidentiary
rulings under an abuse of discretion standard. 
Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App.
2005).  Moreover, a trial court ruling on
the admission of evidence will be upheld if the ruling was correct on any
theory of law applicable to the case, in light of what was before the trial
court at the time the ruling was made.  Id.

Admission
of Photographs

            Appellant complains that the trial
court erred in admitting the photographs of Jessica Schwab, whose injuries were
the basis for the arrest warrant the officers were serving on Appellant.
Specifically, Appellant argues that the photographs were not produced to
Appellant in compliance with the trial court’s discovery order, were not
relevant, were inadmissible character evidence, and were unduly prejudicial. 

            Failure to produce photographs
in discovery.  When a defendant
requests discovery, the trial court may order the state to produce and permit
the inspection and copying of the items the defendant requested to be
discovered.  Tex. Code Crim. Proc. Ann. art. 39.14(a) (Vernon Supp.
2005).  The order must specify the time,
place, and manner of obtaining the discovery. 
Id.  Evidence that
is willfully withheld from disclosure under a discovery order should be
excluded from trial.  Jackson v.
State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  Evidence is willfully withheld if the act is
done “voluntarily and intentionally, with the specific intent to disobey the
law.”  State v. LaRue, 108
S.W.3d 431, 434 (Tex. App.–Beaumont 2003), aff’d, 152 S.W.3d 95 (Tex.
Crim. App. 2005). 

            Appellant filed a motion for
discovery requesting production and disclosure of all physical evidence the
State would seek to admit at trial.  The
trial court signed its standard discovery order that required the State, on or
before December 10, 2001, to provide Appellant the opportunity to inspect all
photographs to be introduced at trial. 
The order further provided that “the Defense should exercise reasonable
diligence to contact the State’s attorney and arrange a mutually convenient
time for the appointment.”  The State
filed a response in which it noted that all physical objects and
photographs to be introduced were “available for inspection in the District
Attorney’s office.”  

            At trial, Appellant forcefully cross
examined the deputies about why they failed to call Appellant to come in
instead of bringing several deputies in the dark of night to arrest him.  Appellant testified that he did not know why
three deputies would come to arrest him. 
The State asked whether the reason could have been Appellant’s history
of violence, which Appellant denied.  The
State then sought to admit the photographs of Ms. Schwab’s injuries to suggest
the reason for the deputies’ concern for their safety, and Appellant
objected.  The trial court ruled that the
State’s further questioning was invited after Appellant’s cross examination of
the deputies.  The court further noted
that the State was entitled to rebut Appellant’s challenge to the deputies’
conduct and methods.  Appellant’s counsel
stated that the photographs were not provided to Appellant pursuant to the
signed discovery order.  The prosecutor
noted that the photographs were from the file in a previously tried misdemeanor
assault case, which Appellant’s counsel had tried.  Appellant’s counsel did not deny that he had
seen the photographs during the previous trial. The prosecutor also informed
the court that he had not initially intended “on going down this road” and had
done so only because Appellant denied his history of violence.  Appellant disputed the State’s contention
pointing out that the State had given notice of its intent to introduce the
offense against Ms. Schwab as an extraneous offense.

            We cannot conclude from this record
that the State willfully withheld the photographs.  Therefore, the trial court did not abuse its
discretion in admitting the photographs. 
Moreover, Appellant did not contend that he was surprised or otherwise
disadvantaged by the introduction of the photographs.  Consequently, even if admission of the
photographs was error, Appellant cannot show harm.  See Ramirez v. State, 815
S.W.2d 636, 649 (Tex. Crim. App. 1991).

            Relevance and inadmissible
character evidence.  Evidence is
relevant if it has any tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it
would be without the evidence.  Tex. R. Evid. 401.  With few exceptions, evidence of a person’s
character or character trait is not admissible for the purpose of proving
action in conformity therewith on a particular occasion.  Tex.
R. Evid. 404(a).  To be
admissible, such evidence must generally be relevant beyond its tendency to
show character conformity.  See Montgomery,
810 S.W.2d at 387 (op. on reh’g).    

            Most often, evidence of an
extraneous offense is inadmissible, not because it is without legal relevance
but because it is inherently prejudicial, tends to confuse the issues in the
case, and forces the accused to defend himself against charges that he had not
been notified would be brought against him. 
Crank v. State, 761 S.W.2d 328, 341 (Tex. Crim. App.
1988); see also Tex. R. Evid.
403.  Probably the most common
situation that gives rise to the admission of extraneous offenses is rebuttal
of a defensive theory.  Crank,
761 S.W.2d at 341.  Whether or not the
state may prove a collateral crime is somewhat dependent upon the burden of
proof imposed on the state and the type of evidence the state has to offer to
prove the essential elements of its case in chief.  Id.  In some limited circumstances, evidence of
extraneous offenses may become admissible where the effectiveness of the state’s
evidence, though uncontradicted by other evidence, is completely undermined by
defense cross examination.  Id.

            Evidence of an extraneous offense
for which a defendant has been acquitted has generally been held inadmissible
under the Double Jeopardy Clause of the United States and Texas constitutions
and under the principle of collateral estoppel.  See Dedrick v. State, 623 S.W.2d
332, 336 (Tex. Crim. App. [Panel Op.] 1981); Stuart v. State, 561
S.W.2d 181, 182 (Tex. Crim. App. 1978). 
Significantly, however, evidence of an extraneous offense for which a
defendant has been acquitted may be introduced into evidence against the
defendant in a subsequent trial where the prior acquittal did not determine an
ultimate issue in the subsequent case.  Dowling
v. United States, 493 U.S. 342, 348, 110 S. Ct. 668, 672, 107 L. Ed. 2d
708 (1990).  

            In the present case, whether
Appellant assaulted Ms. Schwab was not at issue.  However, the alleged assault of Ms. Schwab
formed the basis for the arrest warrant the deputies went to serve.  In his defense, Appellant questioned why the
deputies chose to serve the arrest warrant in the dark of the night.  The deputies explained that in light of Ms.
Schwab’s injuries, they anticipated that Appellant’s response to the arrest
could be physical, which caused them concern for their safety.  Accordingly, they decided to go at night with
three deputies to apprehend Appellant. 
When the deputies served the arrest warrant two days after the alleged
assault on Ms. Schwab, there had been no jury verdict acquitting Appellant on
the assault charges.  On rebuttal, the
State sought to explain the deputies’ actions and to adequately establish their
state of mind.  In doing so, the State
introduced evidence of the alleged assault on Ms. Schwab, including the
photographs of Ms. Schwab’s injuries. 
The trial court held that the evidence was admissible, was rebuttal to
the defense Appellant raised, and was invited by the defense.  The trial court’s ruling was correct.  Therefore, we conclude that the photographs
were relevant beyond the issue of character conformity.








            Because an ultimate issue in the
instant case was not determined in the assault case, we hold that the trial
court did not abuse its discretion in admitting the testimony and the
photographs regarding the alleged assault that was the basis of the arrest
warrant.  

            Prejudicial nature of
photographs. Appellant contends the prejudicial effect of the
photographs of Ms. Schwab’s injuries outweighed the probative value of the
photographs.  Evidence, although
relevant, may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay or needless presentation of
cumulative evidence.  Tex. R. Evid. 403.  A proper Rule 403 analysis includes, but is
not limited to, the following factors: (1) the probative value of the evidence;
(2) the potential to impress the jury in some irrational, yet indelible way;
(3) the time needed to develop the evidence; and (4) the proponent’s need for
the evidence.  Erazo v. State,
144 S.W.3d 487, 489 (Tex. Crim. App. 2004). 
In evaluating the need for the evidence, the evaluation must consider
(1) whether the proponent has other available evidence to establish the fact of
consequence that the photograph is relevant to show; (2) the strength of the
other evidence; and (3) whether the fact of consequence is related to an issue
that is in dispute.  Where the Rule 403
challenge relates to photographs, the analysis also includes factors such as
the number and size of the photographs, whether they are color or black and
white, and whether they are gruesome.  Id.  A photograph admitted as evidence should add
something that is relevant, legitimate, and logical to the testimony that
accompanies it and assists the jury in its decision making duties.  Id. at 491.  If there are elements of a photograph that
are genuinely helpful to the jury in making its decision, the photograph is
inadmissible only if the emotional and prejudicial aspects substantially
outweigh the helpful aspects.  Id.
at 491-92.

            In the present case, the defense
made an issue of the deputies’ serving an arrest warrant on Appellant at night
and strongly questioned whether there was a legitimate reason for seeking an
arrest warrant for Ms. Schwab’s assault. 
Because the defense made the underlying assault a significant issue, the
State was entitled to provide a more complete account of the events leading up
to Appellant’s arrest.  The photographs
were probative to establish the legality of the deputies’ presence at Appellant’s
home.  This factor weighs in favor of
admission.  Testimony about Ms. Schwab’s
injuries is included in the record, and the photographs merely portray Ms.
Schwab’s bruises and injuries.  Although
the State introduced four photographs at trial, only two of those photographs
are included in the record.  These two
photographs show Ms. Schwab with a bruised, swollen eye and an injured
lip.  The photographs are approximately
five inches by seven inches in size. 
Although the photographs are reproduced in black and white for the
record, they appear to be copies of color photographs.  The injuries depicted were neither gruesome
nor shocking.  Neither of these
photographs were sufficient to indelibly impress the jury in some irrational
way.  This second factor also weighs in
favor of admission.  Little time was
needed to introduce the photographs, and the deputy’s testimony about Ms.
Schwab’s injuries covers less than one page of the record.  This factor weighs in favor of
admission.  Although the deputy could
have described Ms. Schwab’s injuries, the photographs rebutted, better than
mere words, Appellant’s contention that the deputies’ response to the injuries—getting
an arrest warrant and serving the warrant in the dark of the night with three
deputies—was excessive.  The jury was
able to see the injuries and evaluate Appellant’s claim in light of what they
saw.  Although the State could have
proved Ms. Schwab’s injuries without the photographs, the jury could more fully
comprehend the nature of the injuries by reviewing the photographs.  Consequently, the fourth factor, the State’s
need for the evidence, weighs in favor of admission.

            Based upon our application of the
factors enumerated in Erazo, we hold that the trial court did not
err in admitting the photographs. 
Appellant’s first subissue is overruled.

Insurance
Fraud Allegations

            Appellant complains that the trial
court erred by permitting the State to adduce testimony regarding insurance
fraud charges pending against Appellant. 
The State contends Appellant raised the issue by testimony that
Appellant had reported several times that his house had been burglarized.
Appellant developed this testimony to explain why he had a shotgun beside his
couch when the deputies came in.  The
State then introduced testimony that after investigating the burglaries, the sheriff’s
office filed insurance fraud charges against Appellant.  The State contended at trial that Appellant
had raised the issue of the insurance fraud cases as well as the issue of
Appellant’s state of mind, knowledge, and intent regarding the burglaries.         

            After cross examining Officer Gabbard
about the location of Appellant’s shotgun and other facts, Appellant’s trial
counsel requested a bench conference. 
During the conference, counsel explained to the court that he wanted to “ask
[Gabbard] about the prior reports of a burglary at [Appellant’s] house which I
believe Officer Gabbard is aware . . . 
which all go to [Appellant’s] state of mind that evening and his
reasonable apprehension and fear of someone coming in the house.”  Appellant’s counsel then asked Officer
Gabbard about Appellant’s reporting several burglaries of his home shortly
before the date the deputies served the arrest warrant.  

            In response, the State noted that
Appellant’s counsel used the reference to the burglaries to establish Appellant’s
“knowledge and intent and state of mind.” 
The State sought to undermine Appellant’s contention that the burglaries
had led him to have the shotgun at hand and to quickly point it at the
deputies. The court permitted the State to develop, through Officer Gabbard’s
testimony, that the sheriff’s office had investigated the alleged burglary
cases and had developed pending insurance fraud cases against Appellant
regarding the alleged burglaries.

            Evidence of other crimes, wrongs, or
acts generally is not admissible to prove character conformity, but may be
admissible for other purposes, such as proof of motive, opportunity, intent, or
absence of mistake or accident.  Tex. R. Evid. 404.  Extraneous offense evidence may become
admissible to help prove intent only if the intent required for a conviction
for the primary offense is a contested issue in the case.  McGee v. State, 725 S.W.2d 362,
364 (Tex. Crim. App. 1987). Intent can be characterized as a contested issue if
(1) the required intent for the primary offense cannot be inferred from the act
itself or (2) the accused presents evidence to rebut an inference that the
required intent existed.  Id.  Intent is most clearly in issue when the
defendant argues that the charged offense was unintentional or the result of an
accident.  Johnson v. State,
932 S.W.2d 296, 302 (Tex. App.–Austin 1996, pet. ref’d).  Once the defendant makes a claim such as
accident, mistake, or lack of intent, then intent can no longer be inferred
from other uncontested direct evidence, and the state is allowed to prove intent
through evidence of other crimes, wrongs, or acts.

Id.  (defendant’s offer of partial confession that
he did not mean to kill decedent and testimony of ballistics expert to show gun
shot higher than point of aim placed intent at issue and allowed admission of
other robbery with gun).

            In the case at hand, Appellant
raised the issue of the burglaries, as he explained to the court, to establish
Appellant’s “state of mind that evening and his reasonable apprehension and
fear of someone coming in the house.” 
This evidence, in turn, would show Appellant’s lack of intent to commit
the charged offense.  However, the jury
was entitled to a balanced presentation of this crucial issue.  If, for example, there were actual
burglaries, the jury could find that it was reasonable for Appellant to have a
shotgun next to his couch and to quickly aim the gun at whoever entered his
house.  This finding could result in a
conclusion that the State failed to prove the required scienter.  But if the alleged burglaries were investigated
by the sheriff’s office who found the allegations to be unsubstantiated and
prepared insurance fraud cases against Appellant, the jury, as the judge of the
facts in the case, might be inclined to disbelieve Appellant.  The jury was entitled to hear the complete
testimony regarding the burglaries in order to determine Appellant’s
intent.  Having raised the issue,
Appellant was not entitled to present only a portion of the facts to the
jury.  We hold the trial court did not
err in permitting the State to more fully develop the facts surrounding
the burglaries.  Appellant’s second
subissue is overruled.

Legality
of Deputies’ Presence

            Appellant contends the trial court
erred in excluding testimony regarding whether Deputy Gabbard was “lawfully
discharging an official duty” at the time of the assault.  Appellant sought to adduce testimony
regarding whether the arrest warrant was valid, arguing that if the arrest
warrant was invalid, the deputies could not have been “lawfully discharging an
official duty” when they entered Appellant’s home.  Because “lawfully discharging an official
duty” is an element of the charged offense for which the State had the burden
of proof, Appellant contends that he should have been permitted to offer
evidence refuting this element. 
Appellant further contends that if the warrant was not valid and Gabbard
knew of and was responsible for its invalidity, the evidence impeaches Gabbard’s
credibility and motives for accusing Appellant of assault.

            Appellant filed a motion to suppress,
which was denied after a hearing.  In his
motion to suppress, Appellant alleged that the arrest warrant was invalid
because it was not dated and the affidavit for the arrest warrant is dated
July 10, 2001, although the date of the offense was July 26, 2001.  Appellant further alleged that because the
actual arrest warrant was not dated and the date of the affidavit was before
the date of the offense, the deputies unlawfully trespassed on Appellant’s
property when they were serving the warrant. 
The affidavit in the record shows that all the dates on the affidavit
are printed in the same typeface as the other information on the
affidavit.  The first date, above affiant
Gabbard’s signature, is “the 28th day of July, 2001.”  The date above the magistrate’s signature on
the jurat and the date above the magistrate’s finding of probable cause and
issuance of the arrest warrant are both “this 10th day of July 2001.”  No date was indicated in the blanks left for
the date of issuing the arrest warrant. 
The Sheriff’s Return stated: “Came to hand on the 28th [handwritten] day
of July [handwritten], 2001 ____A.D. at ____ o’clock ____.M., and executed on
the 31 [handwritten] day of July [handwritten] A.D. 2001, by arresting the
within named John Dunklin [handwritten].”

            Appellant has primarily focused his
attention upon the July 10, 2001 date on the affidavit and the failure of the
magistrate to date the arrest warrant. 
However, he cites no authority in support of his assertion that the
appearance of the July 10 date on the arrest warrant renders the warrant
fatally defective.  Therefore, Appellant
has waived this issue.  See Tex. R. App. P. 38.8(h).  Moreover, 
mere technical defects or typographical errors do not automatically
render an arrest warrant fatally defective. 
Rougeau v. State, 738 S.W.2d 651, 663 (Tex. Crim. App.
1987). 

            At the hearing, Deputy Gabbard
testified that he spoke to Jessica Schwab on July 26 and that he filled out the
affidavit on July 28.  Gabbard explained
that the two July 10 dates were on the arrest form he had used, that he had
simply failed to replace them with the correct date of July 28, and that the
July 10 date was a typographical error. 
Judge Sue Starnes, Justice of the Peace for Precinct Three in Henderson
County, issued the warrant.  Judge
Starnes testified that the correct date for the signing of the affidavit and
the issuance of the warrant should have been July 28, 2001.  She also testified that the July 10 date was
a typographical error.  The court
admitted into evidence the relevant page of Judge Starnes’s criminal docket
book, which shows the arrest warrant for John Dunklin was issued July 28,
2001.  This evidence establishes that the
July 10 date is a typographical error. 
Therefore, even if the issue had been preserved, we could not conclude
that the trial court abused its discretion in excluding the evidence
challenging the validity of the arrest warrant. 
Appellant’s third subissue is overruled.

Cumulative
Effect of Errors

            The thrust of Appellant’s third
issue is that the cumulative effect of these three evidentiary rulings harmed
him.  Because Appellant has not shown
error, we do not address harm.  Appellant’s
third issue is overruled.

 

 








Sufficiency of the Evidence

            In his fourth issue, Appellant
contends that the evidence was legally and factually insufficient to support
his conviction.  Specifically, he argues
that there was insufficient evidence to support that he knew Gabbard was a
peace officer.  Appellant does not
challenge the sufficiency of the evidence to support any of the other elements
of the offense.

Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. 
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most
favorable to the jury’s verdict.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at
186.  A successful legal sufficiency
challenge will result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 221, 2217-18, 72 L. Ed. 2d 652 (1982).

            To support a conviction for
aggravated assault of a public servant in the instant case, the State must show
that Appellant (1) committed an assault; (2) against a person he knew was
a public servant; (3) while the public servant was lawfully discharging an
official duty; and (4) used or exhibited a deadly weapon during the commission
of the assault.  See Tex. Pen. Code Ann. §§ 22.01 (a)(2); 22.02 (a)(2), (b)(2).  A person is presumed to have known the person
assaulted was a public servant if the person was wearing a distinctive uniform
or badge indicating the person’s employment as a public servant.  Id. § 22.02(c).

            In reviewing the evidence in the
light most favorable to the verdict, the record reveals that the deputies were
wearing their uniforms and badges when they knocked on Appellant’s door,
identified themselves as law enforcement officers, and entered the house when
the door was opened.  Prior to the
aggravated assault, the deputies also explained to Appellant that they were
there to arrest him on a warrant.  This
is legally sufficient evidence that Appellant knew Deputy Gabbard was a public
servant.  Therefore, we hold that the
evidence was legally sufficient to support the jury’s verdict.  Appellant’s fourth issue, as to legal
sufficiency, is overruled.

Factual
Sufficiency

            In reviewing factual sufficiency, we
consider all the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996), our evaluation should not substantially intrude upon the jury’s role as
the sole judge of the weight and credibility of the witness testimony.  See Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  As the court of criminal appeals explained in
Zuniga, “There is only one question to be answered in a
factual-sufficiency review: Considering all of the evidence in a neutral light,
was a jury rationally justified in its finding of guilt beyond a reasonable
doubt?”  See Zuniga, 144
S.W.3d at 484.

            Viewing the evidence in a neutral
light, we also consider contrary evidence such as the darkness of the room,
which could have impaired Appellant’s ability to see the deputies’ uniforms and
badges, and Appellant’s testimony that the officers did not identify themselves
until after he had pointed the shotgun at them. 
The contrary evidence was not sufficient to undermine the integrity of
the verdict.  We hold the evidence is
factually sufficient to support a finding that Appellant knew Deputy Gabbard
was a public servant.  Therefore, the
evidence is factually sufficient to support the jury’s verdict.  Appellant’s fourth issue, as to factual
sufficiency, is overruled.

 

Conclusion

            Having overruled Appellant’s issues
one, two, three, and four, we affirm the judgment of the
trial court.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(PUBLISH)











[1] Although providing a requested special charge in writing or by
dictating the charge into the record is the specified manner of creating a
record for appeal, see Tex. Code
Crim. Proc. Ann. 36.14, 36.15 (Vernon Supp. 2005), the record reflects
that an extensive jury charge conference was conducted in this case.  Therefore, we will review the issue.