COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-022-CR

CRISTOBAL ORTIZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In one point, Cristobal Ortiz asserts that the trial court abused its discretion by denying Ortiz’s motion for new trial 
where the evidence and testimony raised within that hearing established Ortiz’s failure to knowingly and voluntarily enter his guilty plea. 

II.  Factual and Procedural History

A.  Background

The indictment charged Ortiz with unlawful possession of a firearm, wherein the range of punishment for the charged offense was two to ten years’ confinement.  Ortiz rejected a six-year plea offer.  Ortiz’s trial counsel then informed him that if he entered an open plea, the judge could consider probation to ten years’ confinement when assessing punishment. 

After the trial court explained the plea admonishment to Ortiz, Ortiz then signed in three places a written plea admonishment document.  When the document was initially filled out, the document included the plea-bargain offer of six years’ imprisonment; however, the judge also checked the box: “This is not a plea-bargain case, and the Defendant has the right of appeal.”  The trial court accepted Ortiz’s open plea and sentenced Ortiz to eight years’ confinement.

B.  Motion for New Trial and Hearing

Ortiz filed a motion for new trial asking that his plea be set aside because it was unknowingly and involuntarily made; he believed that he could receive a sentence of only six years or less.  At the end of the hearing on his motion for new trial, the trial court denied Ortiz’s motion for new trial because the plea admonishment 
document contained a proper admonishment on the range of punishment to an open plea. 
 Among the facts discussed in the plea admonishment document were 1) the charge Ortiz faced; 2) the range of punishment of two to ten years; 3) Ortiz was entering an open plea; 4) the State had offered a six-year plea bargain; 5) plea recommendations are not, generally, binding upon the court; and 6) the trial court was entitled to set Ortiz’s punishment anywhere within the range provided for this crime.  The plea papers also contained the following express admonishment regarding open pleas:

Open Plea (No Agreement): If you have plead[ed] guilty without a plea agreement, the plea proceeding is your trial.  If the Court finds you guilty, your punishment can be set anywhere within the range of punishment prescribed by law for the offense.  If you are eligible, you may receive deferred adjudication or community supervision, but there is no assurance that you will.  Once the Court has accepted your plea of guilty, you cannot withdraw your plea without permission from the Court.

The record shows that Ortiz understood the written waiver, the admonishments, and that the punishment range for his charged offense was a minimum of two years and a maximum of ten years.  Ortiz confirmed that  he signed the waiver of his rights but stated he did so because he believed he had agreed to a maximum of six years’ confinement in prison.

Ortiz testified that he waived his right to a jury trial because of his reliance on the “written plea admonishments and waiver.”  He further said the trial court failed to tell him that the trial court was not bound by the six years noted in the admonishments or that he could withdraw his plea and start over. Ortiz reiterated that he waived everything based on his understanding that the maximum sentence would be six years and stated that he hoped to get probation.  While testifying, Ortiz confirmed that two boxes were checked referring to the “Certificate of Appellant’s Rights.”  One box was originally checked and scratched out.  The box said, “This is a plea-bargain case.“ Ortiz also acknowledged that another statement was checked indicating, “[t]his is not a plea-bargain case and the defendant has a right to appeal.”  Ortiz also testified that the trial court started reading the file and never mentioned if the range of punishment was two to ten years or anything like that to him.

Ortiz’s trial counsel testified during the motion for new trial hearing.  He stated that he understood the punishment range for third-degree felonies was two to ten years for penitentiary time and a fine of up to $10,000.  He said that negotiations with the State led to a final offer of six years.  The record indicated that the offer was communicated to Ortiz and that Ortiz did not accept the offer.  Additionally, trial counsel reviewed the plea admonishments with Ortiz, specifically going over the “Open Plea” paragraph with Ortiz.  Trial counsel opined that Ortiz understood the consequences of entering an open plea and that there was no six-year cap on punishment, nor was one ever conveyed to Ortiz.

Trial counsel testified that he informed Ortiz that if they asked for an open plea, the judge would make the decision, and it would be final.  The record also shows that trial counsel told Ortiz that the range of punishment on an open plea was “wide open.”  He also explained to Ortiz that the punishment was anywhere from probation, including deferred, all the way up to ten years.  The record also indicated that trial counsel did not make any guarantees and explained the risks of an open plea to his client.

Trial counsel did not raise an objection contending the sentence exceeded the cap on punishment when the trial court assessed eight years.  During cross-examination, trial counsel testified that Ortiz rejected the State’s plea offer with the understanding that the offer was then off the table.  Moreover, trial counsel said that he told Ortiz they would have to live with whatever the judge decided.

The testimony indicated a motion to suppress hearing was waived based on Ortiz’s statement that he would rather do an open plea and see what the judge would give him.  Trial counsel said that he hoped to get some type of deferred sentence, which could be acquired only through the judge, and that he also believed the judge had the full range of punishment in an open plea.  The record indicated Ortiz’s counsel understood that the trial court could assess probation.

During the hearing on Ortiz’s motion for new trial, the prosecutor testified regarding the written plea admonishments given to Ortiz.  The record indicated that Ortiz understood his plea was an open plea agreement with no cap.  In addition, he understood that an open plea was a rejection of the State’s final plea recommendation.  The record indicated that on the last page under a certification of appellate rights, the “plea-bargain” box was checked with an offer for six years.

The State’s attorney stated that because the plea offer had been changed, the judge checked the box: “This is not a plea-bargain case, and the Defendant has the right to appeal.”  When the paperwork was initially filled out, the plea offer was written into the documents, and the trial court wanted the State’s last offer placed in the paperwork.  The assistant district attorney recalled, to the best of his knowledge, he had never made an agreement with a cap on an open plea.  At the end of the hearing, the trial court denied Ortiz’s motion for new trial because the paperwork contained a proper admonishment on the range of punishment to an open plea. This appeal followed.

III.  Standard of Review

We review the denial of a motion for new trial under the abuse of discretion standard.  
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
Dunklin v. State
, 194 S.W.3d 14, 19 (Tex. App.—Tyler 2006, no pet.).  We must determine whether the trial court’s ruling was arbitrary or unreasonable,  that is, was without reference to any guiding rules or principles, 
Lewis
, 911 S.W.2d at 7; 
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990), and we are to presume on appeal that the trial court properly exercised its discretion.  
Beard v. State
, 385 S.W.2d 855, 856 (Tex. Crim. App. 1965); 
Dunklin
, 194 S.W.3d at 19.  When the trial judge acts as a fact-finder at a new trial hearing and evaluates any basis and the credibility of the defendant’s testimony, the judge is not required to accept that testimony as true, whether controverted or not.  
See Messer v. State
, 757 S.W.2d 820, 828 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d).  Here, Ortiz challenges the voluntariness of his plea, and under these circumstances, we examine the record as a whole.  
See Williams v. State
, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 

IV.  Admonishment

Before a trial court can accept a plea of guilty, the accused must be admonished, orally or in writing, by the trial court of the consequences of the plea, including the range of punishment, and the trial court must determine that the plea is voluntary.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2007); 
Ribelim v. State
, 1 S.W.3d 882, 883-84 (Tex. App.—Fort Worth 1999, pet. ref’d).  The purpose of admonishments is to see that the plea is entered into knowingly and voluntarily.  
See Carranza v. State
, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); 
Ex parte Evans
, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).  If the court’s admonishments are written, the accused and his counsel are required to sign a statement that the admonishments are understood and that the accused is aware of the consequences of the plea.
  Tex. Code Crim. Proc. Ann.
 art. 26.13(d).  This admonishment creates a prima facie showing that the plea was in fact entered into knowingly and voluntarily.  
Fuentes v. State
, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985).  Part of a required guilty-plea admonishment is as follows: 

[T]he fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court.  Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea.  Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendre.

Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(2).  With regard to this admonishment, substantial compliance is sufficient—an exception being the accused shows that he was misled or otherwise harmed from the substantial compliance.  
See 
 
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); 
Grays v. State
, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.).  Normally, an open plea waives non-jurisdictional error that may have occurred prior to the plea, but this is inapplicable where it is asserted the plea is involuntary.  
See Flowers v. State
, 935 S.W.2d 131, 133 (Tex. Crim. App. 1996),
 disapproved on other grounds by Cooper v. State
, 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Shallhorn v. State
, 732 S.W.2d 636, 637 (Tex. Crim. App. 1987).  The “bottom line” is that when an open plea of guilt is made, the accused cannot complain on appeal about the article 26.13 admonishment unless he shows that the plea was unknowing and involuntary, which is what Ortiz complains of here.
  See Anderson v. State
, 985 S.W.2d 195, 197 (Tex. App.—Fort Worth 1999, pet. ref’d) (op. on reh’g); 
Brown v. State
, 915 S.W.2d 533, 536 (Tex. App.—Dallas 1995), 
aff'd
, 943 S.W.2d 35 (Tex. Crim. App. 1997). 

V.  Analysis

A.  Ortiz

Ortiz points to the following to show his plea was unknowing and involuntary when it was made:  

a) the written admonishments included a checked box indicating that Ortiz was entering a plea of guilty under a plea agreement; 

b) on the same page within the document, another box was checked indicating Ortiz had the right to appeal and that “[t]his is not a plea-bargain case and the defendant has a right to appeal; 

c) Ortiz testified that the trial court started reading the file and never mentioned if the range of punishment was two to ten or anything like that to him; 

d) the lack of clarity within the written plea admonishments combined with his trial counsel’s belief that the trial court could give him probation, including deferred adjudication, misled or harmed him to unknowingly and involuntarily enter an open guilty plea; 

e) Ortiz did not fully understand the range of punishment based on the totality of the circumstances raised within the motion for new trial; and 

f) Ortiz’s range-of-punishment expectations were based on the failure to clarify the conflicts and confusion within the written plea admonishments, and that failure created the harmful reversible error in the instant case. 

B.  The State

The State points to the following to show that Ortiz’s plea was made knowingly and voluntarily.  

a) The record shows that Ortiz personally signed (in three places) written plea admonishments.  Among the facts discussed in the plea admonishment document are that the range of punishment was two to ten years; that Ortiz was making an open plea; that plea recommendations are not, generally, binding upon the court; and that the trial court was entitled to set Ortiz’s punishment anywhere within the range provided for this crime.

b) The plea papers contained the following express admonishment regarding open pleas made to the court: Open Plea (No Agreement): If you have pleaded guilty without a plea agreement, the plea proceeding is your trial.  If the Court finds you guilty, your punishment can be set anywhere within the range of punishment prescribed by law for the offense.  If you are eligible, you may receive deferred adjudication or community supervision, but there is no assurance that you will.  Once the Court has accepted your plea of guilty, you cannot withdraw your plea without permission from the Court.

c) The entire document was read by or read to Ortiz and contains an averment from Ortiz saying, “I understand the foregoing admonishments from the Court and am aware of the consequences of my plea.”

d) When first asked about the plea papers by his own attorney, Ortiz waffled, saying he did not understand, and then testified that he did not sign the plea paperwork.  However, when confronted with the actual document, he agreed that it bore his signature.

e) Ortiz can read and write English, which is his first language.  He grew up in the United States and has a GED.

f) Ortiz is well-acquainted with the criminal justice system and, thus, is familiar with the process and ranges of punishment.

g) Ortiz’s trial attorney is a board-certified attorney who has practiced criminal law for fourteen years.

h) Ortiz understood that the range of punishment was two to ten years’ confinement and this information was conveyed to Ortiz.  The risks of an open plea were described by Ortiz’s counsel, who  reviewed the plea admonishments with Ortiz, specifically going over the “Open Plea” paragraph with Ortiz by reading it to him, and opined that Ortiz understood the consequences of entering an open plea.

i) There was no six-year cap on punishment, nor was one ever conveyed to Ortiz.

j) Ortiz’s trial counsel believed that, at the time the judge actually took the plea, the range of punishment was once again discussed. Trial counsel concluded that Ortiz entered his plea voluntarily.

k) The prosecutor testified that he had never entered into any type of open plea agreement “with a cap.”

C.  Application

Based on the foregoing, particularly focusing on the statements by Ortiz as well as the documentation bearing his signature, we cannot say that his plea was unknowing or involuntary or that the trial court abused its discretion by denying his motion for new trial.  We overrule Ortiz’s sole point.

VI.  Conclusion

Having overruled Ortiz’s sole point, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 31, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.